MACK *v.* STATE OF INDIANA.

[No. 29,399. Filed January 22, 1957. Rehearing denied March 28, 1957.]

*Rufus C. Kuykendall,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

ACHOR, C. J.—This is an appeal from a conviction of the appellant for the offense of robbery while armed.

Appellant was charged with entering the Stop & Shop Super Market in Indianapolis with two other men on the morning of November 22, 1952.

Appellant filed a motion for a new trial, which was overruled. Appellant contends that the decision is contrary to law because of the lack of evidence to sustain the decision.

The appellee has challenged the sufficiency of appellant's assignment of error. However, we have elected to decide the case on its merits.

At the time of the holdup, witness Ronald Gold was sacking witness Officer Metzger's groceries near the exit of the market. One of the bandits went into the cashier's office, while a second of the trio stood *holding a gun* within a few feet of Gold, and the third bandit struck Officer Metzger, who was in civilian clothes, over the head as the latter drew a gun. Gold had an opportunity to closely observe the latter two bandits, and identified appellant as the man who struck Officer Metzger. He also testified that he had identified appellant from a photograph exhibited to him approximately three months after the robbery.

However, appellant contends that the above evidence is without probative value as to the accused's identity because of the immature age of the witness at the time of the holdup and the conflicting evidence which appears in the record with regard to Gold's testimony.

First, appellant points to the fact that Officer Davenport, who investigated the case and was a witness for the state, testified that Gold was not able to identify the appellant from a photograph exhibited to him. However, this statement does not necessarily discredit Gold's testimony. The record is not clear that the two witnesses were discussing the same photograph or that the circumstances of identification were the same. It may well be that the jury resolved this asserted conflict on this basis. And, even though this testimony was in conflict, it was the re-

sponsibility of the jury to resolve such conflict and to give that weight to the testimony of each witness which they considered it rightfully deserved.

Secondly, appellant contends that Gold's testimony is discredited by the testimony of his alibi witnesses who stated that he was at White Rose Tavern at Phoenix, Cook County, Illinois, gambling at the time of the robbery. However, such fact was contradicted by appellant, himself, who told a police officer who escorted him from Chicago to Indianapolis that he was working in a foundry at the time of the robbery.

Furthermore, the testimony of Gold does not stand alone. Robert Hawthorne, the manager of the Super Market, also identified the appellant. However, at the time of the trial Hawthorne was deceased. At the trial, Officer Davenport testified as follows, without objection: "Q. Did Hawthorne ever identify the defendant? A. Yes sir, he did." Admittedly, this evidence was hearsay, and it is appellant's contention that it was, therefore without probative value. However, the rule on this issue has been stated as follows: ". . . the general rule, to which only a small minority of jurisdictions take exception is that hearsay testimony admitted without objection may properly be considered and given its natural probative effect. . . ." 20 Am. Jur., §452, Evidence, p. 401. *See also,* Anno. 104 A. L. R. 1130. And, in Indiana, the rule has been announced as follows: ". . . It is firmly settled in this state that a material fact at issue may be established by hearsay evidence, where the same is admitted without objection." *Hege & Co.* v. *Tompkins* (1919), 69 Ind. App. 273, 278, 121 N. E. 677.

The law is well settled that this court will not weigh evidence when its sufficiency is questioned, but will

determine whether there is substantial evidence of probative value from which a reasonable inference of the guilt of the accused may be drawn. *Todd* v. *State* (1951), 230 Ind. 85, 101 N. E. 2d 922; *Christen* v. *State* (1950), 228 Ind. 30, 89 N. E. 2d 445.

The evidence in this case was sufficient to meet the test of the above rule.

Judgment affirmed.

Arterburn, Bobbitt, Emmert and Landis, JJ., concur.

NOTE.—Reported in 139 N. E. 2d 434.