TERRANCE KINNAMAN *v.* STATE OF INDIANA.

[No. 476S116. Filed August 15, 1977. Rehearing denied November 7, 1977.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Terrance Kinnaman, was charged by information with armed robbery. A jury trial was held and the jury returned a verdict of guilty. Judgment was entered on the verdict and the defendant was sentenced

to eighteen years' imprisonment. From this judgment the defendant appeals.

Although the defendant's brief does not always preserve the distinction, the defendant presents two discrete issues in his appeal. The first issue concerns the admissibility of certain pre-trial identification evidence. The second issue is whether there was sufficient evidence of identity to support the jury's verdict.

During the defendant's trial two persons identified him as being one of two men who robbed the grocery store at which they were employed. One of these witnesses also gave testimony concerning a pre-trial identification made by him of the defendant within an hour of the crime.

Testimony concerning an improper pre-trial identification must be excluded upon a timely and proper objection. *Stovall* v. *Denno,* (1967) 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; *Norris* v. *State,* (1976) 265 Ind. 508, 356 N.E.2d 204. The defendant made no objection to any of the identification testimony. Neither did he move to suppress this testimony. The issue is therefore not preserved for appeal. *Stowers* v. *State,* (1977) 266 Ind. 403, 363 N.E.2d 978. Evidence which is admitted without objection may be considered for its probative value. *Hale* v. *State,* (1967) 248 Ind. 630, 230 N.E.2d 432.

The defendant in arguing the sufficiency of evidence singles out the following characteristics and factors of the identification testimony. Neither witness had seen the defendant before the robbery. The robbers were masked and wore wigs. One of the witnesses was unable to identify the defendant in a bar before a lineup was assembled outside the bar. He also states that a police officer made suggestive comments during the lineup outside the bar, although this is not supported by the record.

When reviewing the sufficiency of the evidence, only that evidence most favorable to the State, together with all reason-

able inferences, will be considered on appeal. *Daniels* v. *State,* (1976) 264 Ind. 490, 346 N.E.2d 566. On review we are limited to determining whether there was sufficient evidence of probative value from which a jury could have determined that the defendant was guilty beyond a reasonable doubt. *Gaddis* v. *State,* (1969) 253 Ind. 73, 251 N.E.2d 658.

Here two witnesses identified the defendant as being one of the two persons who robbed the grocery store at which they were employed. Although both robbers wore bandanna masks and wigs during the robbery, one of the witnesses saw them in the parking lot before the robbery and positively identified the defendant based upon his build, dark sunken eyes and a prominent nose. The other witness was not as positive in his identification of the defendant but stated that he looked like the robber.

Other evidence also supported the element of identity. A girl friend of the defendant testified that she met the defendant and another at a tavern on the night of the robbery. Both the defendant and the other put a gun in her purse and the defendant told her they had robbed a grocery store that night. In addition, a car used primarily by the defendant, but owned by the girl, was found in the tavern parking lot and contained two wigs, a white coat, two guns and a police scanner, all similar to those used by the perpetrators of the crime. The car also contained money of the same denominations as that taken from the grocery. This was sufficient evidence on the issue of identity to support the jury's verdict.

For all the foregoing reasons there is no trial court error and the judgment should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 366 N.E.2d 165.