Charles Wilford MORGAN,
Jr., Appellant,

v.

CITY OF TULSA, Appellee.

No. M–82–440.

Court of Criminal Appeals of Oklahoma.

June 2, 1983.

Jon B. Comstock, Tulsa, for appellant.

Neal E. McNeil, City Atty., Robert A. Todd, Asst. City Atty., Tulsa, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Charles Wilford Morgan, Jr., appeals from his conviction and sentence in the Municipal Court of Tulsa Case No. 324622, of twenty-five days in jail and a fine of three hundred dollars ($300.00) plus court costs for Driving While under the Influence of Alcohol.

The sole prosecution witness, Tulsa Police Officer Dan Marshall testified that while on patrol in the City of Tulsa he had observed appellant's vehicle weaving back and forth between the right and the center lane. Officer Marshall followed the appellant for about three-quarters of a mile and the appellant continued to drift between the right and center lane of the divided four lane road. A total of six lane changes were observed. Officer Marshall stopped the appellant and then watched the appellant slowly exit his vehicle and with a very slow and staggering gait come back to the police car. The officer further observed that the appellant had a moderate to strong odor on his breath which the officer associated with an alcoholic beverage. The appellant also had blood shot eyes along with low and muffled speech. The officer placed the appellant under arrest.

In his first assignment of error appellant asserts that he was denied due process because when he requested a blood test the officer refused to have the test administered unless appellant would sign a consent document. Appellant argues that for this reason the trial court should have directed a verdict of acquittal or dismissed the case. We do not agree. Title 47 O.S. 1981, § 751, which deals with a vehicle operator's implied consent to take a test for determining alcohol content of the driver's blood does not guarantee or mandate that such a test be given. *Moore v. State,* 533 P.2d 997 (Okl.Cr.1975). Furthermore, a sobriety test is not of itself a condition precedent to prosecution for driving while under the influence of intoxicants. *Moore v. State,* supra; *State v. Carson,* 512 P.2d 825 (Okl.Cr.1973). Inasmuch as there was no requirement to give the test, appellant was not entitled to a directed verdict of acquittal merely because the officer chose not to have the test performed. Accordingly we find this assignment of error to be without merit.

In his second assignment of error appellant argues that the trial court should have instructed the jury that the appellant was not required to sign the "permit" or consent form in order to be entitled to the blood alcohol test. Since we have heretofore held that appellant was not entitled as a matter of law to the blood test we find this second assignment of error to be without merit.

In his third assignment of error appellant argues that it was error for the trial court to instruct the jury that as many as five out of the six jurors could return a verdict. Appellant relies upon *Burch v. Louisiana,* 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979), wherein the United States Supreme Court held that a five out of six verdict violated the United States Constitutional right to a trial by jury when it was allowed for a non-petty offense. Appellant maintains that Tulsa's municipal offense of Driving While under the Influence of Alcohol is a serious offense to which the principles of *Burch v. Louisiana,* supra, apply thereby requiring a unanimous jury verdict. We do not however agree with the contention that the offense in this case is a non-petty offense as envisioned by *Burch v. Louisiana,* supra. See dissent by Judge

Bussey, *Murrah v. City of Oklahoma City,* 620 P.2d 1335 (Okl.Cr.1980). Accordingly the trial court correctly instructed the jury pursuant to Article II, Section 19 of the Oklahoma Constitution. Moreover this issue is not properly before us because the verdict was unanimous and appellant has failed to demonstrate injury.

■ In his fourth assignment of error appellant asserts that the trial court should have given an instruction on Driving While Impaired as a lesser included offense. Appellant recognizes that his contention flies in the face of this Court's opinion in *Bailey v. State,* 633 P.2d 1252 (Okl.Cr.1981), but requests this Court to reconsider its decision in that case. Since this Court is not disposed to reverse its previous opinion in *Bailey v. State,* supra, we find appellant's fourth assignment of error to be without merit.

■ Appellant in his fifth assignment of error argues that it was error for the trial court to exclude testimony of a former police officer. The testimony sought to be admitted was a statement by the former officer that refusal to sign a blood withdrawal consent form was once considered "non-refusal" to take the test by the police department. The testimony was excluded upon objection by the prosecutor because it lacked relevance. Likewise, we also fail to see how such testimony would be relevant to the issue of the appellant's guilt or innocence and find that no error occurred as a result of the statement being excluded.

■ Appellant argues in his final assignment of error that under all the circumstances the verdict was excessive. After an examination of the entire record we cannot say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. See *Dodson v. State,* 562 P.2d 916 (Okl.Cr.1977). Therefore we will not modify the appellant's sentence.

For the reasons herein stated, the judgment and sentence appealed from should be, and the same is hereby, AFFIRMED.

CORNISH, J., concurs.

BRETT, J., dissents.