Lawrence R. POWERS, Appellant,

v.

STATE of Indiana, Appellee.

No. 1185S460.

Supreme Court of Indiana.

Oct. 27, 1986.

Thomas E. Hamer, Anderson, Jim Rimedio, Cincinnati, Ohio, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Lawrence R. Powers was convicted at the conclusion of a bench trial in the Tipton Circuit Court of resisting law enforcement, a class D felony; battery, a class D felony; theft, a class D felony; burglary, a class C felony; possession of a controlled substance, a class D felony; and was further found to be an habitual offender. He was sentenced to two (2) years on each of the class D felonies, to be served concurrently with a five (5) year sentence for burglary, which was enhanced by thirty (30) years due to the habitual offender finding, for a total sentence of thirty-five (35) years. On direct appeal he raises the following issues:

1. whether State's Exhibit No. 36 was properly admitted into evidence;

2. whether Appellant knowingly, intelligently, and voluntarily waived his right to trial by jury;

3. whether the trial court erred in refusing to dismiss the habitual offender charge; and

4. whether Appellant received effective assistance of counsel.

Appellant and another man were observed in an alley by the Assistant Chief of Police of Tipton, Indiana. They fled when they saw him. When he caught the two, Appellant struck him and fled once again. The officer subsequently was able to re-apprehend Appellant, and an investigation revealed that a nearby drugstore had been burglarized.

## I

■ Appellant first argues the trial court erred in admitting State's Exhibit No. 36, an arrest card from Illinois. The arrest card consists of two pages. At the top of each page can be found, *inter alia,* the following matching information: document control number D00920770; arrest jacket number 20020; state bureau number 2056563; date of offense 120378; date of arrest 042479; date printed 042479; identification number 44; social security number 289366931; and Appellant's name, birthdate, and physical description. Furthermore, at the bottom of the first page is the following, signed certification (emphasis added):

"I certify that this is a true and accurate copy of the *arrest fingerprint* card of Larry Robert Powers as found in the files of the Illinois Bureau of Identification, Joliet, Illinois."

The first page contains the information concerning the charges on which Appellant was arrested, and the second page contains his fingerprints. Appellant argues that because the identical certification at the bottom of page 2 was not signed, the document is not properly certified and should not have been admitted.

The present case is similar to that of *Thomas v. State* (1984), Ind., 471 N.E.2d 677, 680, *reh. denied* (1985), where the records custodian certified that the "foregoing" documents were a true copy. We held the records were properly certified because the use of the term "foregoing" referred to all of the documents. While that specific term was not used here, the present certification did make reference to the "arrest fingerprint card," and the fingerprint portion clearly was found on page two. This, considered together with the specific matching physical description of Appellant on both pages serves to authenticate both pages of the exhibit. *See also Feliciano v. State* (1984), Ind., 467 N.E.2d 748, 750.

## II

■ Appellant next maintains his waiver of his right to trial by jury was not entered knowingly, intelligently, and voluntarily. The record reflects, and Appellant concedes, the following dialogue between him and the court:

"COURT: You understand, Mr. Powers, that you do have a right to a public and speedy trial, a trial of twelve jurors of your peers. You understand that, sir?

APPELLANT: Yes."

Apparently, just prior to this dialogue, Appellant and trial counsel were discussing whether to waive his right to a jury trial, and trial counsel incorrectly advised Appellant that he was entitled to only six jurors. Appellant maintains that this incorrect advice "weighed so heavily on his mind that he did not fully appreciate the court's advisement regarding his right to 'a trial of twelve jurors of [his] peers.' "

This argument is without merit. The trial court's advisement was clear, concise, and in terms easily understood by any lay person. Appellant's waiver was entered knowingly, intelligently, and voluntarily.

## III

■ Appellant contends the trial court erred in refusing to dismiss the habitual offender charge, because the prosecuting attorney's failure to append the date of the expiration of his commission resulted in a defective information, divesting the court of any jurisdiction.

Ind.Code § 33–14–5–3, entitled, "Prosecuting Attorneys May Act As Notaries Public," provides in part:

"It shall be the duty of every prosecuting attorney ...performing any of the acts set forth in this chapter, at the time of signing any certificate ...or other instrument ...or official document, to append to such certificate a true statement of the date of the expiration of the commission of such prosecuting attorney."

The amended information charging Appellant as an habitual offender lacks the date of expiration of the prosecuting attorney's notary commission.

The above-quoted statute prescribes a general procedure for prosecuting attorneys signing various documents. We must read that statute in light of Ind.Code § 35–34–1–2, entitled "Form of Charge." This statute lists the specific formal requirements for indictments and informations. Nowhere does it require the date of expiration of the prosecuting attorney's notary commission.

This case is unlike *Anderson v. State* (1982), Ind., 439 N.E.2d 558, *reh. denied* (1982), where the prosecuting attorney failed to swear to or affirm the contents of an habitual offender charge. The present case is more like *Smith v. State* (1984), Ind., 465 N.E.2d 702, 704, *reh. denied* (1984), where we held, "Minor variances from the wording of a statute do not make an information defective." In that case we were referring to the wording, contained in the information, of the statute allegedly violated; however, our meaning was clear that an information should not be dismissed due to a minor defect in form. Ind. Code 33–14–5–3 does not apply to informations so there was no defect in form in that regard. Appellant also mentions other alleged defects in the form of all the informations, but there were no objections to those errors at trial, nor were they alleged in the Motion to Correct Errors. Thus, they are waived. *Bowens v. State* (1985), Ind., 481 N.E.2d 1289, 1290. His argument that these errors may be raised for the first time at this point due to their "fundamental" nature is without merit.

IV

Appellant's final allegation of error is that he was denied effective assistance of counsel.

Under our standard of review for alleged ineffective assistance of counsel, Appellant must show the alleged acts or omissions by counsel fell outside the wide range of competent professional assistance, and that such errors had an adverse effect upon the judgment. There is a strong presumption that counsel rendered adequate legal assistance. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692–693, *reh. denied* (1984), 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864; *Bieghler v. State* (1985), Ind., 481 N.E.2d 78, 96, *cert. denied* (1986), —— U.S. ——, 106 S.Ct. 1241, 89 L.Ed.2d 349. To show prejudice, Appellant must affirmatively show there is a reasonable probability that, but for the unprofessional errors, the result of his trial would have been different. *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291, 1294. Appellant has made no such showing of prejudice due to any of the alleged errors. Furthermore, each action which Appellant questions was a decision of judgment, strategy, or tactics. We consistently have refused to second-guess trial counsel on such decisions, and have held that such matters, alone, are insufficient to establish ineffective representation. *Hestand v. State* (1986), Ind., 491 N.E.2d 976, 978.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.