Willie C. **CHAMBERS,**
Defendant–Appellant,

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 71A03–8903–CR–73.

Court of Appeals of Indiana,
Third District.

Dec. 13, 1989.

Kenneth M. Hays, South Bend, for defendant-appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Jane A. Morrison, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Judge.

Defendant-appellant Willie C. Chambers appeals from a judgment of conviction for operating a motor vehicle while suspended as an habitual violator of traffic laws, a Class D felony. Chambers raises the following issues for appellate review:

(1) whether the trial court erred by admitting into evidence State's Exhibit No. 2, a two-part exhibit with a certification page attached; and

(2) whether the evidence was sufficient to show that the Bureau of Motor Vehicles mailed a notice of suspension to Chambers.

█ The trial court admitted into evidence State's Exhibit No. 2, consisting of a computer printout of Chambers' driving record and a copy of a letter addressed to Chambers from the Bureau of Motor Vehicles advising him of the suspension of his driving privileges. Chambers' objection at trial and on appeal concerns the final entry on his driving record:

"The Habitual Traffic Violator Notice of Suspension was mailed on December 12, 1984 to 1013½ North Johnson, South Bend, Indiana 46618 which was the last known address listed with the Bureau of Motor Vehciles [sic]. This notice was not returned to the Bureau of Motor Vehicles by the United States Post Office as undeliverable."

Chambers maintains that the entry was not a part of his driving record as that record appears in the files of the Bureau of Motor Vehicles, because the entry was printed in a different typeface and because its placement on the record deviated from the chronological order in which the other entries were made.

The trial court erred in overruling Chambers' objection to State's Exhibit No. 2. The typewritten notation added at the end of the computer generated driving record constituted inadmissible hearsay.

In *Kinkade v. State* (1989), Ind.App., 537 N.E.2d 541, this Court addressed the admissibility of a driving record which includes a notation regarding the mailing of an Habitual Traffic Violator Notice of Suspension. The business record exception to the hearsay rule does not offer a basis for admitting such an exhibit:

> "Though the business record exception 'include[s] within its scope a system of keeping records stored on a computer and electronically printed out on demand,' it does not include a computer printout with additional information *subsequently* typewritten on it, unless the information itself qualifies under the exception.... [T]he notation typed on [the computer printout] could not be an original or first permanent entry made at or near the time of the transaction it allegedly records, the mailing of notice of a suspension.... Consequently, the typed notation does not qualify as a business record." [Citations omitted.]

*Id.* at 542–543.

Likewise, the official record exception to the hearsay rule is not sufficiently broad to encompass a typewritten addendum concerning the mailing of notice of suspension. *Id.* at 543. Because State's Exhibit No. 2 contained inadmissible hearsay, the trial court erred in admitting the exhibit into evidence.

■ Chambers next asserts that the evidence was insufficient to show that the Bureau of Motor Vehicles mailed a notice of suspension to him. Proof of mailing is not an element of the offense of operating a motor vehicle while suspended as an habitual violator of traffic laws. *Id.* at 544. However, it is an evidentiary prerequisite to establishing that the suspension is valid as occurring 30 days after the notice of suspension was mailed. *Id.*

■ The evidentiary prerequisite does not appear in the record in the instant case. The copy of a letter addressed to Chambers from the Bureau of Motor Vehicles advising him of the suspension of his driving privileges is not sufficient evidence from which the trier of fact could infer that notice was mailed. *See Puskac v. State*

(1989), Ind.App., 536 N.E.2d 299, 302. The typewritten entry on the computer generated driving record concerning the mailing of notice was inadmissible hearsay. *See Kinkade, supra,* 537 N.E.2d at 542–543. In the absence of proof that notice of suspension was mailed to Chambers in accordance with IND.CODE § 9–12–2–1 (1988 Ed.), the evidence is insufficient to sustain Chambers' conviction. *See id.*

The judgment of conviction is reversed.

SHIELDS, P.J., concurs.

STATON, J., concurs in result with opinion.

STATON, Judge, concurring in result.

I concur in result. If the driving record had shown that the initial entry regarding the suspension letter was a part of the same driving record, and in addition thereto, if the print-out had shown who had sent the letter on a cetain date to Chambers' address, this would have made the record admissible. *State v. Keihn* (1989), Ind., 542 N.E.2d 963.