**John S. BANKS, Appellant**
**(Defendant Below),**

**v.**

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 71A03–8907–CR–300.**

Court of Appeals of Indiana,
Third District.

Feb. 12, 1990.

Paul James Newman, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

John S. Banks was tried before a St. Joseph Superior Court jury and convicted of operating a motor vehicle while suspended as an habitual violator of traffic laws, a class D felony. West's AIC 9–12–3–1. The trial court sentenced Banks to two years in prison then suspended the sentence and imposed probation. Banks raises three issues on appeal. However, the dispositive issue is whether the evidence is sufficient to support the verdict?

We reverse.

■ An element of the offense of driving while suspended as an habitual violator of traffic laws is that the defendant knew his driving privileges had been suspended as a result of his having been determined to be an habitual traffic offender. *Burdine v. State* (1987), Ind.App., 510 N.E.2d 1385, *trans. denied; State v. Swayk* (1988), Ind.App. 531 N.E.2d 515; *State v. Keihn* (1989), Ind., 542 N.E.2d 963. In order to prove the element of suspension, there must be evidence that, among other things, the Bureau of Motor Vehicles sent notice of suspension to the defendant's last known address upon its determination that the defendant was an habitual offender. *Kinkade v. State* (1989), Ind.App., 537 N.E.2d 541, 544. Proof of mailing is not an element of the above-referenced offense. *Id.* However, proof of mailing is "an evidentiary prerequisite to proving the suspension is valid in that it occurred thirty days after notice was mailed." *Id; See also* West's AIC 9–12–2–1 (Supp.1988).

In the case before us, two documents were admitted for the purpose of proving that the BMV mailed a notice of suspension to Banks. One of these documents was a copy of a letter of suspension addressed to Banks' last known address. The second document was a computerized printout of Banks' driving record with the following typewritten notation added to the end:

> The Habitual Traffic Violator Notice of Suspension was mailed on 08/26/87 to 2001 Lincoln Way West, South Bend, Indiana which was the last known address listed with the Bureau of Motor Vehicles. This Notice was not returned to the Bureau of Motor Vehicles by the United States Post Office as undeliverable.

Record at 256. It is apparent from the type print differential between the driving record and the statement of notice that the notice entry was not a part of the original driving record. Too, there was no indication of who had allegedly sent the letter of notice to Banks. The typewritten notation was therefore inadmissible hearsay. *Id.; Chambers v. State* (1989), Ind.App. 547 N.E.2d 301 (typewritten notation at the end of computer generated driving record does not fall within business record or official record exceptions to hearsay rule).

■ The case before us presents the identical factual situation as that of *Chambers.* There, we determined that the typewritten record showing mailing of notice was inadmissible hearsay and therefore improperly considered as evidence that notice of suspension was mailed. The remaining evidence admitted to show proof of mailing consisted of a copy of a letter of suspension addressed to the defendant. In keeping with our holding in *Puskac v. State* (1989), Ind.App., 536 N.E.2d 299, we concluded that the letter was insufficient to prove mailing of notice beyond a reasonable doubt. Consequently, we determined that the evidence was insufficient to support the defendant's conviction of operating a motor vehicle while suspended as an habitual violator of traffic laws. *Id; citing Kinkade, supra.* Because of the similarities between *Chambers* and the case before us, we are persuaded that identical results are required. We therefore conclude that there was insufficient admissible evidence on the element of notice of suspension to support Bank's conviction of driving while suspended as an habitual violator of traffic laws.

Reversed.

GARRARD, J., concurs.

BUCHANAN, J., dissents with separate opinion.

**1074**

BUCHANAN, Judge, dissenting.

I respectfully dissent. While the majority correctly posits that the typewritten record demonstrating mailing of notice to Banks constituted inadmissible hearsay because it did not fall within any exception to the hearsay rule, the record clearly reflects that Banks *did not object* to the admission of the typewritten notation. It was time to bark and no noise was heard.

At trial, when the State sought to introduce the exhibit into evidence, the following exchange occurred:

> "THE COURT: We have two issues here; and one is the admission of this second publication.
>
> MR. NEWMAN: *I'm not objecting to the admission,* I'm concerned about the nature of the publication.
>
> THE COURT: Well, we can take that one step at a time, and we can cross the second bridge if and when he moves to publish it.
>
> *Then State's Exhibit No. 1, will be admitted without objection.*"

*Record* at 188 (emphasis supplied).

While the typewritten notation was nearly identical to that which was introduced in *Chambers,* the defense counsel in *Chambers* posed a proper and timely objection when the State sought to introduce the hearsay evidence. *Chambers v. State* (1989), Ind.App., 547 N.E.2d 301. It has been clearly established that a failure to properly object at trial waives any error on appeal. *See Andrews v. State* (1989), Ind., 532 N.E.2d 1159; *Whitehead v. State* (1987), Ind., 511 N.E.2d 284; *Johnson v. State* (1985), Ind., 472 N.E.2d 892. Evidence which is admitted without objection may be considered for its probative value. *Kinnaman v. State* (1977), 266 Ind. 622, 366 N.E.2d 165; *Hale v. State* (1967), 248 Ind. 630, 230 N.E.2d 432. Moreover, in *Mack v. State* (1957), 236 Ind. 468, 139 N.E.2d 434, our supreme court observed that "It is firmly settled . . . that a material fact at issue may be established by hearsay evidence, where the same is admitted without objection." *Id.* at 471, 139 N.E.2d 435; *see also Hege & Co. v. Tompkins* (1919), 69 Ind.App. 273, 121 N.E. 677.

Because Banks failed to object to the admission of the typewritten notation, there was sufficient proof that notice of suspension was mailed to Banks in accordance with IC 9–12–2–1.

I would therefore affirm Banks' conviction for operating a motor vehicle while suspended as an habitual violator of the traffic laws.