**James Ray BORTON, Appellant**
**(Defendant Below)**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

No. 71A03–9008–CR–326.

Court of Appeals of Indiana,
Third District.

Dec. 10, 1990.

Kenneth M. Hays, South Bend, for appellant.

Linley E. Pearson, Atty. Gen. and Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Defendant-appellant James Ray Borton appeals his bench trial conviction for operating a motor vehicle while suspended as an habitual violator of traffic laws, a Class D felony. IND. CODE § 9–12–3–1 (1988 Ed.). The trial court sentenced appellant to 180 days in prison then suspended the sentence but for 10 days to be served on the weekends. Appellant raises one issue on appeal which this Court restates as follows: whether the evidence was sufficient

to show that the BMV mailed a notice of suspension to appellant.

 The trial court admitted into evidence State's Exhibit No. 3 which consisted of three parts: a computer printout of appellant's driving record,[1] a copy of a computer-generated letter addressed to appellant from the BMV notifying him of the suspension of his driving privileges, and a certification by the commissioner of the BMV that the documents were "a full, true and complete copy of the record as it appears in the files of the Indiana Bureau of Motor Vehicles." The court also admitted State's Exhibit No. 4, a computer printout of appellant's driving history containing an entry regarding the mailing of the notice of suspension. Although computer-generated evidence constitutes hearsay, it is admissible under the business record exception

> " 'if identified by its entrant or one under whose supervision it is kept and shown to be an original or first permanent entry, made in the routine course of business, at or near the time of the recorded transaction, by one having both a duty to so record and personal knowledge of the transaction represented by the entry. [Citations omitted.]' "

*Kinkade v. State* (1989), Ind.App., 537 N.E.2d 541, 542.

In the instant case, the State called Mr. Harold Francis, assistant to the director of the Driver Improvement and Safety Responsibility Division of the BMV and overseer of recordkeeping. Mr. Francis identified Exhibits Nos. 3 and 4 as original records made in the routine course of business at the BMV. Francis also testified that Kathy Webb, a BMV employee, made the entry on the driving history and mailed the notice letter to appellant. As the entry was made within one day of the mailing,[2] the driving history and notice letter were admissible under the business record exception to the hearsay rule.

1. The trial court did not admit a typewritten notation added at the end of the computer-generated driving record; therefore, this Court will not address appellant's arguments regarding that notation.

Proof of mailing is not an element of the offense of operating a motor vehicle while suspended as an habitual violator of traffic laws. *Chambers v. State* (1989), Ind.App., 547 N.E.2d 301, 302. However, it is an evidentiary prerequisite to establishing that the suspension is valid as occurring 30 days after the notice of suspension was mailed.

*Id.*

*See also* IND. CODE § 9–12–2–1 (1988 Ed.).

While the notice letter alone would be insufficient to prove mailing beyond a reasonable doubt, *Chambers* at 302, the letter in conjunction with the entry on the driving history was sufficient to prove mailing.

The judgment of the trial court is affirmed.

SHIELDS, P.J., and GARRARD, J., concur.

2. The entry was made on May 11, 1988, and the letter was mailed on May 12, 1988.