**John S. BANKS, Appellant,**

**v.**

**STATE of Indiana, Appellee.**

**No. 71S03-9103-CR-181.**

Supreme Court of Indiana.

March 8, 1991.

Paul James Newman, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION TO TRANSFER

KRAHULIK, Justice.

This matter comes to us on a Petition to Transfer from the Third District Court of Appeals. In an opinion reported at 549 N.E.2d 1072 (Buchanan, J., dissenting), the Court of Appeals vacated John S. Banks' conviction for operating a motor vehicle while license suspended as an habitual violator of traffic laws, Ind.Code § 9-12-3-1, on the grounds that the conviction was supported by inadmissible hearsay evidence. Because we find that the hearsay evidence was admitted without objection by Banks, we now grant transfer, vacate the opinion of the Court of Appeals, and reinstate the conviction.

We also address the other issues raised by the defendant-appellant in his brief that were not addressed by the Court of Appeals, as follows:

(1) Whether the trial court erred in refusing to read Banks' Proposed Instructions No. 1 and 2;

(2) Whether the trial court erred in overruling Banks' objection to a statement by the prosecutor during final argument; and

(3) Whether there was sufficient evidence to support the verdict.

The facts most favorable to the verdict are that on March 25, 1988, a police officer saw Banks driving a motor vehicle without a visible license plate in South Bend, Indiana. The officer followed the vehicle until it stopped at a service station. When the officer approached the car, Banks was behind the wheel. When asked for his license, Banks responded that his operator's license had been suspended. At trial, Banks and his passenger testified that at the scene both had explained to the officer that the passenger had been driving rather than Banks. The officer denied that these statements were offered at the scene.

Certified copies of Bureau of Motor Vehicles ("BMV") records concerning Banks were introduced at trial without objection. The BMV record included a typewritten statement that notice of Banks' suspension as an habitual traffic offender was mailed to him at his last known address listed with the BMV and that the notice had not been returned by the post office as undeliverable.

Although Banks admitted he knew his license was suspended, he claimed to be unaware that the license had been suspended because he was an habitual traffic offender. Banks also acknowledged that he had lived at the address to which the notice had been sent approximately six years previously, and had not notified BMV of any changes in his address.

I. *Jury Instructions*

Banks claims it was error for the trial court to refuse to give the following two instructions:

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1

You have heard the testiomony [sic] of a law enforcement official. The fact that a witness may be employed by the County or State as a law enforcement official does not mean that his testimony in [sic] necessarily deserving of more or less consideration than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may

be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony and to give to that testimony whatever weight, if any, you find it deserves.

DEFENDANT'S REQUESTED INSTRUCTION NO. 2

During the trial persons who admitted being friends with the Defendant have testified in this cause. The Court instructs you that mere friendship with a Party, standing alone, is not sufficient to give you cause to disregard a witness' testimony. Rather, the Court instructs you that you should consider the witness' demeanor, his/her way of knowing about that which he/she testifies, and such other facts and circumstances as you deem appropriate in determining his/her credibility.

Banks correctly notes that the proper test in determining whether error resulted from the refusal of a tendered instruction in a criminal case is (1) whether the tendered instruction correctly states the law, (2) whether there is evidence in the record to support the giving of the instruction, and (3) whether the substance of the instruction is covered by other instructions given. *Davis v. State* (1976), 265 Ind. 476, 355 N.E.2d 836. Banks cites no cases, and we find none, to support his argument that the jury should have been specifically instructed that a police officer's testimony should be considered in the same manner as any other witness, and that the jury should not disregard the testimony of someone who happens to be defendant's friend for that reason alone. We disagree with Banks in his assertion that the generalized credibility instruction that was given by the trial court was in any way inadequate to cover the subject matter in Banks' tendered instructions. Thus, we conclude that the substance of Banks' proposed instructions is duplicative of the instructions given by the trial court and, accordingly, we find no error in the trial court's refusal of them.

II. *Prosecutor's Statement*

Banks next asserts that during the State's final argument, Banks made a timely objection when the prosecutor referred to Banks' testimony by saying, "it is a story." Banks acknowledges that the trial court has wide discretion in determining what constitutes proper final argument, but claims that, here, the trial court abused that discretion because the prosecutor was essentially allowed to testify against Banks at trial.

No transcript of the final argument was included in the record on appeal. Therefore, unless we find fundamental error, Banks has waived any error relating to final argument because the record lacks a transcript of final argument. *Maisonet v. State* (1983), Ind., 448 N.E.2d 1052, 1054. Because we cannot know the context of the prosecutor's remarks without the record, and because we conclude that the mere uttering of the words "it's a story" is not fundamental error, we reject Banks' argument.

III. *Sufficiency of the Evidence*

Finally, Banks claims that the evidence was insufficient to support the verdict because the evidence that Banks knew he was suspended as an habitual traffic offender was based on an unsigned entry in the certified records from BMV, and the conviction was based on the uncorroborated testimony of the police officer.

The Court of Appeals correctly noted that an element of the offense of driving while license suspended as an habitual traffic offender is that the defendant know that his license is suspended because he was an habitual traffic offender. *State v. Keihn* (1989), Ind., 542 N.E.2d 963. To prove the suspension, the State must show that the BMV sent notice of suspension to defendant's last known address upon its determination that defendant was an habitual offender. Proof of mailing the notice is an evidentiary prerequisite to proving that the suspension was valid.

The evidence here consists of two documents admitted into evidence to prove that the BMV mailed notice of the suspen-

sion to Banks. One of the documents was a copy of a letter addressed to Banks at his last known address. The second document was a computerized printout of Banks' driving record with the following typewritten notation added:

> The Habitual Traffic Violator Notice of Suspension was mailed on 08/26/87 to 2001 Lincoln Way West, South Bend, Indiana, which was the last known address listed with the Bureau of Motor Vehicles. This Notice was not returned to the Bureau of Motor Vehicles by the United States Post Office as undeliverable.

The Court of Appeals noted, and we agree, that it was apparent from the difference in typeface between the driving record and the statement of notice that the notice entry was not a part of the original driving record in the sense that the above-quoted portion was obviously not computer generated. The Court of Appeals decided that the above-quoted entry was inadmissible hearsay on the basis of *Chambers v. State* (1989), Ind.App., 547 N.E.2d 301, and thus concluded that there was insufficient admissible evidence to support Banks' conviction.

We disagree. As pointed out by Judge Buchanan in his dissenting opinion, the record clearly reflects that Banks did not object to the admission of the typewritten notation, but only to a computer printout showing Banks' complete driving history, including all prior traffic violations. After the State concealed such prior traffic violations from the exhibit, it was admitted without objection. Because Banks did not object to the admission of the typewritten notation, it was admissible as substantive evidence on the issue of whether a notice of suspension had been mailed to him in accordance with the requirements of Ind. Code § 9-12-2-1.

■ Otherwise inadmissible hearsay evidence may be considered for substantive purposes and is sufficient to establish a material fact at issue when the hearsay evidence is admitted without a timely objection at trial. *Kinnaman v. State* (1977), 266 Ind. 622, 366 N.E.2d 165; *Mack v. State* (1957), 236 Ind. 468, 139 N.E.2d 434. Admittedly, the typewritten notation here was nearly identical to that which was introduced in *Chambers, supra.* However, defense counsel in *Chambers* posed a proper and timely objection when the State sought to introduce the hearsay evidence. Failure to properly object at trial waives any error on appeal. *Andrews v. State* (1989), Ind., 532 N.E.2d 1159.

■ Banks' second attack on the sufficiency of the evidence relates to testimony of the police officer. Banks claims that because the officer's testimony was inconsistent and was contradicted by the testimony of defense witnesses, such evidence requires corroboration to support the conviction.

Our standard for reviewing claims relating to sufficiency of the evidence is firmly established: on appeal, we do not weigh the evidence or judge the credibility of witnesses. We consider only that evidence most favorable to the State, together with all reasonable and logical inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be disturbed. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670, 672. Clearly, Banks asks us to reweigh the evidence, which we decline to do.

Accordingly, we now grant transfer. The Court of Appeals' Opinion reported at 549 N.E.2d 1072 is vacated, and the conviction entered by the trial court against Banks is hereby reinstated.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

DeBRULER, J., concurs with opinion.

DeBRULER, Justice, concurring.

I agree that the evidence here is sufficient to prove that appellant operated a vehicle while suspended as a habitual violator.

The proof of the element of a valid suspension is circumstantial. It consists of (1) the hearsay entry of mailing notice of suspension; (2) the copy of the notice itself,

and (3) appellant's admission at the scene of his arrest that his license was suspended. Likewise the proof of the element of knowledge that the license was suspended on habitual traffic offender grounds is circumstantial. It consists of the same three items of proof. Such three items of proof, if believed, would warrant a rational trier of fact in concluding beyond a reasonable doubt that the requisite suspension occurred and that appellant knew of it when he drove and was arrested.

I cannot agree, however, with the unqualified proposition in the majority opinion that material facts in issue are proved by hearsay evidence which is let in without objection. The cases cited in support do not satisfactorily support so sweeping a proposition. Furthermore, it is evident that hearsay evidence, "ranging as it does from mere thirdhand rumors to sworn affidavits of credible observers" is spread across a wide scale of probative value. McCormick On Evidence § 245 at 728 (3d ed. 1984). I would hold that Indiana trial judges, in ruling on whether the State or a party has made a prima facie case, and Indiana appellate judges, in ruling on sufficiency of evidence, must consider hearsay evidence let in without objection, but have the flexibility to give it only its natural probative effect.