Larry J. COLLINS, Appellant (Defendant),

v.

STATE of Indiana, Appellee (Plaintiff).

No. 79A02–9005–CR–00290.

Court of Appeals of Indiana, Second District.

Dec. 30, 1991.

---

Lisa V. Schrader, Heide, Sande, Deets, Kennedy, Schrader & Antalis, Lafayette, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Appellant-defendant Larry J. Collins (Collins) appeals his convictions for operating a vehicle with a previous conviction for driving while intoxicated,[1] operating a vehicle after being determined to be an habitual traffic offender,[2] and the court's finding that he was an habitual substance offender.[3]

We affirm the convictions but remand for resentencing.

## FACTS

The facts which most support the judgment are that on February 21, 1988, West Lafayette police officer John Cox (Cox) stopped Collins for speeding. Upon approaching the vehicle, Cox requested that Collins step out of the car and produce identification. Collins responded by cursing at Cox telling him he had no right to stop him. Cox smelled alcohol on Collins' breath and noticed that his eyes were bloodshot and watery, his speech was slurred, and he was unsteady on his feet.

Because Collins fumbled through his pants' pocket and wallet before eventually

---

1. Ind.Code 9–11–2–2 (1988).

2. Ind.Code 9–12–3–1 (1988) (recodified in 1991 at Ind.Code 9–30–10–16).

3. Ind.Code 35–50–2–10(f) (1988).

producing his driver's license, Cox requested that Collins recite the alphabet. Collins was only able to reach the letter "c", and continued to be uncooperative and challenged Cox's right to "bother him." Cox then advised Collins of Indiana's Implied Consent Law [4] and requested that he submit to a breath test. Collins refused the breath test at the scene and again at the police station.

Collins was charged with driving while intoxicated (Count I), driving while intoxicated with a previous conviction for driving while intoxicated (Count II), being an habitual substance offender (Count III), and driving after being determined to be an habitual traffic offender (Count IV). The charges were severed and a jury trial was held on February 1, 1990 on Count I, following which Collins was found guilty.[5] The remaining three counts were tried to the bench with the same result. Subsequently, the court sentenced Collins to three years on Counts II and IV and enhanced Count II by three years due to the determination that Collins, who did not have a felony conviction prior to the instant felony, was also an habitual substance offender. The court ordered the sentences on Counts II and IV to run consecutively for a total of nine years and fined Collins $1,000. The Court then suspended six years of the sentence and the fine, and ordered Collins to serve the remaining three years.

## ISSUES

On appeal, Collins raises four issues which we restate as:

1. Did the trial court err in finding that the enhancement imposed for being an habitual substance offender could not be suspended, even though the sentence for the underlying offense was suspendable?

2. Did the State present sufficient evidence that Collins knew he had been determined to be an habitual traffic offender prior to being stopped for speeding?

3. Was the evidence sufficient to support a conviction of operating a vehicle while intoxicated?

4. Was Collins' trial counsel ineffective for failing to move for a mistrial or an admonishment when Cox (the police officer) testified he had previously given testimony against Collins?

## DECISION

*ISSUE ONE*—Did the trial court err in finding that the enhancement of Collins' sentence under the habitual substance offender statute could not be suspended even though the underlying sentence for the felony conviction was suspendable?

*PARTIES' CONTENTIONS*—Collins argues that an habitual substance offender determination is not a separate conviction and when the underlying felony is suspendable, the enhancement of that sentence is suspendable as well. The State says an enhancement of a sentence due to an habitual substance offender determination is never suspendable.

*CONCLUSION*—The enhancement of Collins' sentence under the habitual substance offender statute is suspendable.

■ This issue was first addressed in *Devaney v. State* (1991), Ind.App., 578 N.E.2d 386. In that case, the defendant had been convicted of operating a vehicle while intoxicated with a prior conviction and operating while an habitual traffic violator. The defendant had also been determined to be an habitual substance offender. Following the trial court's decision to suspend a portion of the enhancement of the defendant's sentence under the habitual substance offender statute, the State sought and received from the Indiana Supreme Court an Alternative Writ of Manda-

---

4. Ind.Code 9–11–4–1 to –18 (recodified in 1991 at IC 9–30–6–1 to –18).

5. Although Collins was found guilty under Count I, the record does not reflect that he was sentenced under that count. We therefore conclude that the trial court must have recognized that double jeopardy would bar Collins from being convicted for both driving while intoxicated (Count I) and driving while intoxicated with a previous conviction for driving while intoxicated (Count II), and chose not to convict Collins under Count I.

mus ordering the trial court to resentence the defendant "without suspending a portion of the habitual substance offender sentence enhancement." The trial judge, however, suspended a portion of the enhanced sentenced nonetheless.

On appeal, this court concluded that the trial court erred in suspending the enhancement of Devaney's sentence. In reaching its conclusion a majority of the court relied not only on the Writ, but also decided that the purpose and mandatory language of the habitual substance offender statute prohibited the suspension of *any* enhancement under the statute. In a concurring opinion, Judge Shields concluded that the majority opinion had gone too far and indicated that under certain situations the enhancement of the sentence could be suspended.

This case is one such situation. While in *Devaney*, the defendant's conviction was his *second* felony conviction and the sentence for that second felony was non-suspendable, this case involves Collins' *first* felony conviction, for which the sentence is suspendable. *See* IC 35–50–2–2. The question in common to both *Devaney* and this case is whether an enhancement of the defendant's sentence for the felony conviction can be suspended.

The State answers the question in the negative, citing *State v. Williams* (1982), Ind., 430 N.E.2d 756, for the proposition that an enhancement of a sentence under the general habitual offender statute[6] is always non-suspendable, which proposition the State argues should also apply to an enhancement under the habitual substance offender statute. Collins, on the other hand, reads *Williams* for the proposition that the suspendability of an enhancement of a sentence depends upon whether the underlying sentence is suspendable.

In *Williams*, the defendant was convicted of forgery and determined to be an habitual offender. The trial judge sentenced Williams to eight years imprisonment for the forgery charge and thirty additional years for being an habitual offender, which enhancement he ordered suspended.

On appeal, the supreme court determined that the trial court erred by treating the habitual offender determination as a separate felony conviction:

"[W]e maintain the interpretation of the habitual offender sentencing scheme that *the enhanced sentencing is imposed ... for the last crime committed....* The habitual offender sentencing was neither a separate criminal charge nor an additional penalty for earlier crimes."

*Id.* at 758 (quoting *Wise v. State* (1980), 272 Ind. 498, 400 N.E.2d 114, 117) (emphasis in original).

Having determined that a sentence under the general habitual offender statute is not a separate sentence but rather attaches to and enhances the underlying sentence, the court then turned to IC 35–50–2–2 (1979), to see if the sentence for the underlying felony could be suspended. That statute then provided:

"(a) The court may suspend any part of a sentence for a felony unless:

(1) The person has a prior unrelated felony ..."

IC 35–50–2–2(a).

The Court in *Williams* concluded that because there must have been a prior unrelated felony in order for there to have been an habitual offender determination, the sentence to which the enhancement was being attached could not have been suspended under IC 35–50–2–2.[7] Thus, the Court reasoned, an enhancement of a sentence under the general habitual offender statute could not be suspended:

"The thirty (30) year enhancement brought about by the habitual offender statute cannot be invoked unless there is, in fact, a prior unrelated felony conviction. The trial court apparently erred in its belief that the finding that appellee was an habitual offender was a finding

---

6. IC 35–50–2–8 (1988).

7. With the amendments made to IC 35–50–2–2, it is no longer the case that the sentence for a

second, unrelated felony will always be non-suspendable.

of a separate felony. This is not the case. The appellee was convicted of a felony and was a person with a prior unrelated felony conviction. *Under [IC 35–50–2–2], the trial court had no authority to suspend the sentence.* We hold that when a criminal defendant receives an enhanced sentence under the habitual offender statute, such sentence may not be suspended."

*Id.* at 758. (emphasis supplied).

So an enhanced sentence is to be treated as *one* sentence and the suspendability of that sentence requires an application of IC 35–50–2–2.

Unlike in *Williams* and *Devaney*, Collins was being sentenced for his *first* felony conviction and neither party disputes that his sentence for that conviction is properly suspendable under IC 35–50–2–2. As the enhancement of Collins' sentence, unlike the enhancements in *Williams* and *Devaney*, is being attached to a suspendable offense, the enhancement is likewise suspendable. *See Marsillett v. State* (1986), Ind., 495 N.E.2d 699; *Williams, supra.* The trial judge erroneously believed the three year enhancement of Collins' sentence was not suspendable, *record* at 440, so this matter is remanded for reconsideration of Collins' sentence.

*ISSUE TWO*—Did the State present sufficient evidence that Collins knew he had been determined to be an habitual traffic offender prior to his being stopped?

*PARTIES' CONTENTIONS*—Collins claims the State failed to prove he had knowledge of his status as an habitual traffic offender. The State claims that a copy of the letter notifying Collins of the classification and revocation of his license, as well as the testimony of a BMV supervisor, was sufficient to infer Collins knew his license had been suspended.

*CONCLUSION*—The evidence was sufficient to infer Collins knew he was an habitual traffic offender and that his license had been suspended.

■ At the outset of the bench trial on Counts II, III and IV, the deputy prosecutor sought to introduce, as an "official record", several documents which the prosecutor said was Collins' "driving record." *Record* at 344–50. Included in those documents was a copy of a letter notifying Collins that he was an habitual traffic offender and that his license has been suspended. *Record* at 350. Included with that notice was a certificate of mailing signed by Gilbert L. Holmes, Commissioner of the BMV as well as Lois Watson, Certification Clerk, showing the notice had been mailed to an Indianapolis address and had not been returned. *Record* at 349.

Collins' hearsay objection to the introduction of the driving record was successful with respect to the notice of the habitual offender determination and accompanying certificate, *record* at 345, and the notice and certificate were never admitted into evidence. *Record* at 402–3. However, Harold Francis (Francis), a records supervisor with the BMV, later testified that Collins was determined to be an habitual offender on December 16 or 17 of 1988, and that notice of the habitual determination and suspension of his license had been mailed to Collins at his last known address in Indianapolis, which letter had not been returned. *Record* at 404–06. Collins did not offer a hearsay objection to this testimony.

In *Banks v. State* (1991), Ind., 567 N.E.2d 1126, our supreme court considered a similar situation in which hearsay evidence formed the basis of the requirement that the defendant know he had been determined to be an habitual traffic offender:

"Otherwise inadmissible hearsay evidence may be considered for substantive purposes and is sufficient to establish a material fact at issue when the hearsay evidence is admitted without a timely objection at trial. *Kinnaman v. State* (1977), 266 Ind. 622, 366 N.E.2d 165; *Mack v. State* (1957), 236 Ind. 468, 139 N.E.2d 434."

*Banks, supra,* at 1129.

The testimony of Francis is sufficient to infer that Collins knew he had been found to be an habitual traffic offender and that his license had been suspended. *See Banks, supra.*

*ISSUE THREE*—Was the evidence sufficient to support a conviction for operating a vehicle while intoxicated?

*PARTIES' CONTENTIONS*—Collins contends the evidence was insufficient because the State failed to introduce evidence that he was intoxicated when he drove the vehicle. The State says the evidence was sufficient to support the factual finding and claims Collins is merely asking this court to reweigh the evidence.

*CONCLUSION*—The evidence was sufficient.

At the trial, Cox testified that Collins had a strong odor of alcohol on his breath, and did not shut off the car's engine despite several requests from Cox to do so. *Record* at 169. Cox also observed that Collins had bloodshot and watery eyes, slurred speech and was unsteady on his feet. *Record* at 172. When Cox asked Collins for identification, Collins "fumbled" through his pockets before eventually finding his driver's license. *Record* at 173. Later Collins could not recite the alphabet beyond the letter "c" as part of a field sobriety test. *Record* at 177.

This evidence is more than sufficient. *See Parker v. State* (1988), Ind.App., 530 N.E.2d 128; *Boyd v. State* (1988), Ind.App., 519 N.E.2d 182; *Jennings v. State* (1987), Ind.App., 503 N.E.2d 906, *trans. denied*.

*ISSUE FOUR*—Was Collins' trial counsel ineffective for failing to move for a mistrial or an admonishment when a police officer testified that he had previously given testimony against Collins?

*PARTIES' CONTENTIONS*—Collins claims his trial counsel was ineffective for not asking for a mistrial or an admonishment after Cox said he had testified against Collins at a previous proceeding. The State responds that there had been no showing of how he had been prejudiced in the presentation of his case.

*CONCLUSION*—Trial counsel's performance was not deficient and Collins has failed to demonstrate prejudice.

Collins' claim of ineffective counsel is based on the following exchange:

"[Prosecutor]: You've testified in other proceedings against the defendant, haven't you?

[Cox]: Yes.

[Defense Counsel]: I'm going to object, Your Honor. Counsel is coming dangerously close bringing in things that are irrelevant to this case.

[Judge]: I understand. Counsel approach.

(conversation at bench-inaudible)

[Judge]: I'll sustain objection to the last question."

*Record* at 229.

Reversal for ineffective assistance of counsel is appropriate only when a defendant has shown both that counsel's performance was deficient and that the deficient performance was so prejudicial that it deprived the defendant of a fair trial. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Miller v. State* (1989), Ind., 541 N.E.2d 260. Isolated instances of poor strategy or inartfully executed examinations do not necessarily amount to ineffectiveness of counsel. *Vaughn v. State* (1990), Ind., 559 N.E.2d 610; *Mott v. State* (1989), Ind., 547 N.E.2d 261. It is strongly presumed that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable care. *Miller, supra.*

Applying these principles, it is evident Collins' trial counsel was not ineffective for failing to request a mistrial or ask that the jury be admonished. As a matter of trial strategy, counsel may well have decided that an admonishment would have resulted in undue emphasis being given to the comment. *See Powers v. State* (1986), Ind., 499 N.E.2d 192. Also, given the fleeting nature of the comment and the prompt objection to the testimony which was sustained, there was no need for the trial court to grant the extreme remedy of a mistrial even had Collins' trial counsel tendered such a request. *See Lee v. State* (1988), Ind., 531 N.E.2d 1165.

Collins has also failed to show how he was denied a fair trial. *Miller, supra.* As there was substantial evidence supporting the jury's verdict, we must conclude that

trial counsel's failure to request such curative measures did not result in Collins being denied the right to a fair trial. *See Jones v. State* (1989), Ind., 544 N.E.2d 492.

Judgment affirmed and remanded for re-sentencing.

MILLER, J., concurs.

SULLIVAN, J., concurs in part and dissents in part with opinion.

SULLIVAN, Judge, concurring in part and dissenting in part.

I fully concur as to Issues One, Three and Four. I do not reach the question contained within Issue Two because the conviction under Count IV, Driving While an Habitual Traffic Offender, must be vacated.

The record clearly reflects that the convictions under Counts II and IV rested upon but a single act of operating the motor vehicle on February 21, 1988. It is not permissible to enter two separate convictions for the same act of operating. *See Kelly v. State* (1989), Ind., 539 N.E.2d 25.

The conviction under Count II and the three-year enhancement upon that conviction is properly affirmed. The conviction upon Count IV should be vacated.