**Randall G. BROWN, Appellant (Defendant),**

v.

**STATE of Indiana, Appellee (Plaintiff).**

No. 65S04–9609–CR–00613.

Supreme Court of Indiana.

March 18, 1997.

Mark A. Foster, Evansville, for Appellant.

Pamela Carter, Attorney General, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee.

## ON PETITION TO TRANSFER

SELBY, Justice.

▮ Appellant Randall Brown was convicted by a jury of Operating a Motor Vehicle After License Suspended as an Habitual Traffic Violator. The trial court sentenced Appellant to one and a half years. The Court of Appeals reversed the conviction. We granted transfer to address the following questions: 1) What constitutes the last known address to which the Bureau of Motor Vehicles must send a notice that it is suspending a driver's license for habitual traffic violations; and, 2) Does the record contain sufficient evidence that the Bureau of Motor Vehicles mailed a notice of suspension? We find that the Bureau of Motor Vehicles may properly rely on an address given it by a driver. There must, however, be proof that the Bureau of Motor Vehicles mailed the notice of suspension, which was lacking in this case. Thus, Appellant's conviction is reversed.

## FACTS

On October 22, 1994, a police officer stopped Appellant who was driving without taillights. Appellant indicated that he did not have his license with him at the time. A radio check advised the officer that Appellant was operating a vehicle while suspended as a habitual traffic violator. Additionally, Appellant's license had expired in November of 1986.

The Bureau of Motor Vehicles (hereinafter "the Bureau") suspended Appellant's license for habitual traffic violations on July 27, 1987. It mailed a notice of suspension dated June 17, 1987 to him at 1500 East Indiana Street, Evansville, Indiana, 47711. The suspension was based on four traffic violations, all for operating while intoxicated. Two occurred in 1983. The most recent violations occurred on November, 22, 1986 and February 2, 1987. The traffic tickets certified to

the Bureau for each of these offenses respectively contained the addresses 2223 Lincoln Avenue, Evansville, Indiana, 47714 and 701 Kennedy Drive, Fort Branch, Indiana, 47548.

At trial, the State submitted a stipulated exhibit containing the certified driving record of Randall G. Brown. This document included the driving record, the June 17, 1987 notice of suspension, and four traffic tickets. Next, the State called the police officer who had stopped Appellant on October 22, 1994. He testified as to the events of that evening. Defendant rested without presenting any evidence.

## DISCUSSION

▮ A conviction for Operating a Motor Vehicle After License Suspended as an Habitual Traffic Violator requires proof by the State of three elements: 1) that the violator operated a motor vehicle, 2) while his driving privileges were suspended, and 3) while he knew or should have known that his privileges were suspended because the Bureau had classified him a habitual traffic offender. *Bishop v. State,* 638 N.E.2d 1278, 1279 (Ind. Ct.App.1994). Before the Bureau may suspend a driver's license as a habitual traffic violator, it must mail a notice of suspension of the driver's license to the driver's last known address. I.C. § 9–30–10–5.

▮ This court reviews de novo issues of law. *See Kieler v. C.A.T. by Trammel,* 616 N.E.2d 34, 36 (Ind.Ct.App.1993). Thus, we must look at the statutes and case law to determine what constitutes the last known address to which the Bureau must send a notice of suspension.

The law requires that a licensed driver immediately report to the Bureau any change of address.[1]

> If: (1) an individual holding a license or permit issued under this article moves from the address where the licensee or permittee resided at the time the license or permit was granted to the licensee or permittee; ... the licensee or permittee shall immediately notify the bureau in writing of the licensee's or permittee's old and new

---

1. Although we presume that the Bureau notifies drivers of this requirement when they apply for a

license, the record is silent on this particular point.

address ... and the number of the license or permit held by the licensee or permittee.

I.C. § 9–24–13–4(1). Additionally, no Indiana resident without a license (or permit) may drive on Indiana highways except under certain exceptions not relevant here. I.C. § 9–24–1–1. Thus, any driver must be licensed (or permitted), and all licensed drivers must report changes of address to the Bureau.

The Bureau may rely on the address which was last provided by the driver. It has no obligation to search through its files and surmise, based on papers therein, that a driver has a new address. Rather, the driver is required to provide it with an updated address. If the driver has not, the Bureau may assume the address last given is the correct address to which to send a notice. *See Holmes v. Randolph,* 610 N.E.2d 839, 846 (Ind.1993).

Appellant was ticketed on November 22, 1986 while he was a licensed driver. If he lived at the address reported on the ticket and would not receive mail at the address previously given by him to the Bureau, he should have reported this change to the Bureau as required by the Code. On February 2, 1987, when he was again ticketed, Appellant's license had already expired. Thus, he should not have been driving without a license and should have renewed his license and reported his change of address. Nevertheless, the Bureau properly relied on the address given by him on March 2, 1983. It did not need to sift through the file and guess, based on numerous traffic tickets, that Appellant no longer received mail at the address he had reported to it.

The second issue raised is whether the record includes sufficient evidence from which the jury could determine that the notice of suspension had been mailed to the last known address or any address. The Appellant argues that the record contains no evidence that the Bureau actually mailed the notice. The Appellant is correct.

As stated above, before the Bureau may suspend a driver's license for habitual traffic violations, it must send a notice of suspension to the driver's last known address. I.C. § 9–30–10–5. Proof of mailing "is an evidentiary prerequisite to establishing that the suspension is valid ..." *Collins v. State,* 567 N.E.2d 798, 800 (Ind.1991); *Chambers v. State,* 547 N.E.2d 301, 302 (Ind.Ct. App.1989). If there is no valid suspension, then a driver cannot lawfully be convicted of Operating a Motor Vehicle After License Suspended as an Habitual Traffic Violator. *Bishop,* 638 N.E.2d at 1280.

To determine whether the record contains sufficient evidence to establish proof of mailing, this court examines only the evidence most favorable to the State along with all reasonable inferences to be drawn therefrom. "We neither re-weigh the evidence nor judge the credibility of the witnesses." *Vance v. State,* 640 N.E.2d 51, 57 (Ind.1994). If there is substantial evidence of probative value to support the conviction it will not be set aside. *Gambill v. State,* 675 N.E.2d 668, 673–74 (Ind.1996). A copy of a notice of suspension "is not sufficient evidence from which the trier of fact could infer that notice was mailed." *Chambers v. State,* 547 N.E.2d at 302. *See also, Borton v. State,* 563 N.E.2d 182, 183 (Ind.Ct.App.1990).

The State introduced into evidence a copy of Appellant's driving record and a copy of the notice of suspension. Neither of these documents showed or confirmed that the notice was mailed. After the State's presentation of evidence, Appellant asked for a ruling based on the insufficiency of the evidence. Counsel argued, based on *Bishop,* that "in order to have a valid suspension here, we've got to have proof of notice of mailing." (R. at 146.) This argument is correct. Clearly, no entry appears on Appellant's driving record indicating the Bureau mailed the notice.[2] Further, the State presented no document or testimony at trial which tends to prove that the Bureau mailed the notice. Without any

---

2. The driving record contains no notation regarding the notice of suspension. The only notation regarding the suspension reads, "Habitual Traffic Violator—10 YR–B 02 7/27/87 7/26/97 * "

The number 02 refers to the fact that this was his second suspension. The dates are the begin and end dates of the suspension. The star indicates active points.

evidence that the Bureau mailed the notice, Appellant was entitled to a directed verdict in his favor. Thus, his conviction must be reversed.

CONCLUSION

The Bureau of Motor Vehicles may mail a notice that it is suspending a driver's license for habitual traffic violations to the last address reported by the driver, but the trial record must disclose proof of mailing the notice. Because the record in this case discloses no such proof, Appellant's conviction is reversed.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.