Ricky JOHNSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9802–CR–146.

Court of Appeals of Indiana.

Aug. 20, 1998.

Kevin C.C. Wild, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Randi E. Froug, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Ricky Johnson appeals his conviction for Driving While Suspended as an Habitual Traffic Violator,[1] a Class D felony. The sole issue presented for our review is whether the State presented sufficient evidence to sustain his conviction.

We reverse.

### FACTS

On April 4, 1996, Officer Pamela Lee observed Johnson driving his car in an alley. Lee further observed Johnson park and then

---

1. Ind.Code § 9–30–10–16.

stumble as he exited the car. When she questioned Johnson, he admitted that he had been drinking. Johnson then told Lee that he did not have a driver's license because it had been suspended. Upon further investigation, Lee discovered that Johnson's license had been suspended based on his habitual traffic violator status. Johnson was then arrested. Following a bench trial on October 21, 1997, Johnson was convicted of driving with a suspended license. The trial court suspended Johnson's license for life and ordered him to serve 270 days in prison, with credit for 135 days. Johnson now appeals.

## DISCUSSION AND DECISION

■ The three elements of Driving While Suspended are: (1) operating a motor vehicle; (2) while driving privileges are suspended; and (3) a showing that the defendant knew his driving privileges were suspended. *Griffin v. State*, 654 N.E.2d 911, 912 (Ind.Ct. App.1995). In order to effectively suspend a defendant's license, Indiana Code § 9–30–10–5 requires:

(a) ... the bureau shall mail a notice to the person's last known address that informs the person that the person's driving privileges will be suspended in thirty (30) days. ...

    \*    \*    \*    \*    \*    \*

■ (c) The notice must inform the person that the person may be entitled to relief under section 6 of this chapter or may seek judicial review of the person's suspension under this chapter.

Both proof of mailing and proof of the contents of the notice are evidentiary prerequisites to establishing a valid license suspension. *Brown v. State*, 677 N.E.2d 517, 519 (Ind.1997); *cf. Ashcraft v. State*, 693 N.E.2d 984, 987 (Ind.Ct.App.1998) (proof of mailing is element of offense of driving while suspended), *trans. pending.*

■ Here, the Bureau of Motor Vehicles ("BMV") informed Johnson that his license had been suspended for ten years in a letter dated November 11, 1993. That letter did not advise him of his right to judicial review with respect to his habitual traffic violator status as required by Indiana Code § 9–30–

10–5, although it did advise him of his right to administrative review. The BMV allegedly mailed another letter to Johnson, dated November 30, 1995, which clarified that he had the right to judicial review. However, Johnson asserts that the State did not establish that the second letter had been mailed and, thus, failed to prove that his license had been validly suspended.

■ As stated above, proof of mailing is an evidentiary prerequisite to establishing a valid suspension. If there is no valid suspension, then a driver cannot lawfully be convicted of Operating a Motor Vehicle After License Suspended as an Habitual Traffic Violator. *Bishop v. State*, 638 N.E.2d 1278, 1280 (Ind.Ct.App.1994). To determine whether the record contains sufficient evidence to establish proof of mailing, this court examines only the evidence most favorable to the State along with all reasonable inferences to be drawn therefrom. *Brown*, 677 N.E.2d at 519. We neither reweigh the evidence nor judge the credibility of the witnesses. *Vance v. State*, 640 N.E.2d 51, 57 (Ind.1994). If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Gambill v. State*, 675 N.E.2d 668, 673–74 (Ind.1996).

Here, the State submitted into evidence, over objection, an habitual traffic violator packet, certified by the BMV, for Johnson. The packet includes copies of his driving record, both notice letters and abstracts of the three traffic tickets which led to the suspension of his license as an habitual traffic violator. Johnson's driving record contains an entry that the first notice letter was mailed to him but does not contain a similar entry for the second notice letter.

In *Brown v. State*, 677 N.E.2d at 519–20, our supreme court reversed on sufficiency grounds based on similar evidence. In that case, the State introduced a copy of Brown's driving record and a copy of the notice of suspension. *Id.* Neither of those documents showed or confirmed that the notice had been mailed. Specifically, the court noted there was no entry on the defendant's driving record that the BMV had actually mailed the notice letter. *Id.* Here, Johnson's driving record does not contain an entry showing

that the BMV mailed the November 30, 1995, letter and, thus, the State failed to show proof of mailing. Accordingly, we must conclude that the proper foundation for the admission of the habitual traffic violator packet was not established by the State. A proper and timely objection to the admission of this evidence was made by counsel and should have been sustained by the court.[2] Because the packet was critical to establishing the second element of the offense, Johnson's conviction must be reversed.[3]

Reversed.

BAILEY and RILEY, JJ., concur.

2. Counsel objected as follows, "I object to the introduction of page ten (10) for the purpose of showing that Mr. Johnson received a valid habitual traffic violator suspension because there is no indication in the rest of this record that this was ever mailed to him or that he ever had notice of this document."

3. We reject the State's argument that a court-ordered suspension of Johnson's license, which was also in effect at the time of his arrest, is sufficient evidence to sustain his conviction. The record indicates that the State relied only on the BMV-ordered suspension to convict Johnson. On appeal, the State cannot rely on a different order as evidence that Johnson's license had been validly suspended.