**Charles D. FENNELL, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 43A04–9710–CR–426.

Court of Appeals of Indiana.

Aug. 20, 1998.

Rehearing Denied Oct. 27, 1998.

---

Robert B. Wright, Fort Wayne, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Randi E. Froug, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Charles D. Fennell appeals his conviction for Driving While Suspended as an Habitual Traffic Violator,[1] a Class D felony.

We affirm.

### ISSUES

Fennell presents two issue for our review, which we restate as:

1. Whether the habitual traffic violator packet, introduced by the State, contained inadmissible hearsay.

2. Whether the State presented sufficient proof of mailing.

### FACTS

On August 27, 1996, Officer Brian Sherwin observed Fennell run a stop sign. After being stopped, Fennell admitted that his driver's license had been suspended. Upon further investigation, Sherwin learned that Fennell's license had been suspended due to his status as an habitual traffic violator. Sherwin then arrested Fennell, who was eventually tried and convicted of driving while suspended as an habitual traffic offender. The trial court sentenced him to serve one and one-half years for the offense and suspended his license for life. Fennell now appeals.

## DISCUSSION AND DECISION

### Issue One: Hearsay Evidence

■ Fennell first claims that the trial court erred when it allowed the State to introduce into evidence certain Bureau of Motor Vehicle ("BMV") records. Specifically, he claims that the records contained inadmissible hearsay in violation of his right to confront witnesses and that the evidence was not properly authenticated.

At trial, the State offered Exhibit 1, an habitual traffic violator packet, to prove that Fennell's license had been suspended due to his status as an habitual traffic violator. The packet included copies of Fennell's driving record, notice of suspension letters, traffic citations and "Indiana Abstracts of Court Record[s]." The exhibit also contained a certification letter, signed by the Commissioner of the BMV, stating that the packet was a "true and complete copy of the record as it appears in the files of the" BMV. The trial court admitted the evidence over objection relying on the public records exception, Indiana Evidence Rule 803(8),[2] to the general hearsay rule.

In *Coates v. State,* 650 N.E.2d 58, 63 (Ind. Ct.App.1995), *trans. denied,* this court held that documents properly certified by the BMV are admissible under Rule 803(8) as a compilation of the BMV's " 'regularly conducted and regularly recorded activities.' " In *Coates,* as here, the challenged evidence included copies of the defendant's driving record, notice of suspension letters, traffic citations and abstracts of court records. *Id.* at 61. Because the evidence also included a certification letter signed by the Commissioner of the BMV, we held that the State had satisfied the authentication requirements of Indiana Evidence Rule 901 and Indiana

---

1. IND.CODE § 9–30–10–16.

2. That rule provides in relevant part:
   Unless the sources of the information or other circumstances indicate lack of trustworthiness, records, reports, statements or data compilations in any form, of a public office or agency, setting forth its regularly conducted and regularly recorded activities, or matters observed pursuant to a duty imposed by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law.

Trial Rule 44(A). *Id.* at 62. Based on *Coates,* we conclude that the trial court properly admitted the habitual offender packet over Fennell's objection.

### Issue Two: Proof of Mailing

Fennell also claims that the State presented insufficient evidence to sustain his conviction. Specifically, he contends that the State failed to prove that the BMV had mailed a proper notice of suspension to him.· The State counters that Fennell failed to object on those grounds when the State introduced the habitual offender packet and, thus, has waived consideration of the issue on appeal. We agree with the State.

■ The three elements of Driving While Suspended are: (1) operating a motor vehicle; (2) while driving privileges are suspended; and (3) a showing that the defendant knew his driving privileges were suspended. *Griffin v. State,* 654 N.E.2d 911, 912 (Ind.Ct.App.1995). In order to effectively suspend a defendant's license, Indiana Code § 9–30–10–5 requires:

(a) ... the bureau shall mail a notice to the person's last known address that informs the person that the person's driving privileges will be suspended in thirty (30) days....

\* \* \* \* \* \*

(c) The notice must inform the person that the person may be entitled to relief under section 6 of this chapter or may seek judicial review of the person's suspension under this chapter.

Thus, proof of mailing and proof of the contents of the notice letter are evidentiary prerequisites to establishing a valid license suspension. *Brown v. State,* 677 N.E.2d 517, 519 (Ind.1997). In other words, proof of mailing amounts to a foundational requirement for evidence offered by the State to prove that a defendant's license had been

suspended.[3] Consequently, the defendant must object on specific foundational grounds if the evidence contains insufficient proof of mailing. The failure to make a specific and timely objection results in waiver of the issue on appeal. *See Kelley v. State,* 541 N.E.2d 309, 313 (Ind.Ct.App.1989), *trans. denied.*

■ The habitual offender packet indicates that Fennell was originally notified that his license had been suspended by a letter from the BMV dated December 30, 1992. Fennell's driving record further specifies that the letter was mailed to Fennell that same day. Although the notice letter informed Fennell of his right to administrative review, it did not inform him of his right to judicial review and, thus, was insufficient. The BMV records contain a copy of a second notice letter, addressed to Fennel and dated November 30, 1995, clarifying that he could seek judicial review of his suspension as an habitual traffic violator. However, Fennell's driving record does not specify that this letter was actually mailed.

In *Brown v. State,* 677 N.E.2d at 519–20, our supreme court reversed the defendant's conviction for driving while suspended on sufficiency grounds based on similar evidence. In that case, the State introduced a copy of Brown's driving record and a copy of the notice of suspension. *Id.* Neither of those documents confirmed that the notice had been mailed. Specifically, the court noted there was no entry in the defendant's driving record that the BMV had actually mailed the notice letter. *Id.* Similarly, there is no entry in Fennell's driving record indicating that the November 30, 1995, notice letter had been mailed.

However, Fennell's objections to the State's Exhibit 1 were based only on Indiana Evidence Rules 802 (hearsay) and 901 (authentication). Because he did not object to the exhibit based on the State's failure to

---

**3.** In *Ashcraft v. State,* 693 N.E.2d 984, 987 (Ind. Ct.App.1998), *trans. pending,* another panel of this court held that proof of mailing is an element of the crime of driving while suspended. We disagree. Indiana Code § 9–30–10–16 does not list proof of mailing as an element of the crime. In fact, the relevant Indiana cases have consistently stated that "proof of mailing is not an element of the offense of driving a motor

vehicle while suspended as an habitual traffic violator." *See e.g., Griffin,* 654 N.E.2d at 912; *Borton v. State,* 563 N.E.2d 182, 183 (Ind.Ct.App. 1990); *Chambers v. State,* 547 N.E.2d 301, 302 (Ind.Ct.App.1989). All of the cases, save *Ashcraft,* refer to proof of mailing as an "evidentiary prerequisite." The deliberate and repetitive use of that phrase leads us reject *Ashcraft's* holding.

establish a proper foundation for its admissibility, i.e., proof of mailing, he has waived consideration of the issue on appeal. *Cf. Johnson v. State,* 698 N.E.2d 821, 823 n. 2 (Ind.Ct.App.1998) (defendant's claim of insufficient proof of mailing preserved by proper objection).

Affirmed.

BAILEY and RILEY, JJ., concur.