Ernest STEWART, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9703–CR–132.

Court of Appeals of Indiana.

Feb. 3, 1999.

William F. Thoms, Jr., Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

### OPINION

GARRARD, Judge.

#### STATEMENT OF THE CASE

Ernest Stewart ("Stewart") appeals[1] his

---

1. For reasons unknown this case was not trans-  mitted to this court for decision until October 29,

conviction of operating a vehicle while suspended as an habitual traffic violator, a class D felony, following a bench trial. We reverse.

## ISSUE

The sole issue presented for our review is whether the State presented sufficient evidence to establish that the Bureau of Motor Vehicles ("BMV") mailed Stewart a proper notice of his suspension as an habitual traffic violator.

## FACTS

On October 5, 1995, Officer Michael Snow of the Indianapolis Police Department was called to the scene of an automobile accident. When he arrived at the scene, Officer Snow observed Stewart sitting in the driver's seat of his vehicle with his face bleeding. Stewart had sideswiped a utility pole with his vehicle causing damage to the passenger side of the vehicle. Stewart informed Officer Snow that he did not have a driver's license. After obtaining Stewart's name, address, birth date and social security number, Officer Snow ran a license check on Stewart and determined that Stewart's driver's license had been suspended because of his status as an habitual traffic violator. The State charged Stewart with operating a vehicle while suspended as an habitual traffic violator. Following a bench trial on October 11, 1996, the trial court convicted Stewart of operating a vehicle while suspended as an habitual traffic violator. The trial court sentenced Stewart to 545 days imprisonment with all but 90 days suspended.[2] The trial court further suspended Stewart's driver's license for life.

## DISCUSSION AND DECISION

Stewart's sole contention on appeal is that the State presented insufficient evidence to prove that the BMV mailed a proper notice of his suspension as an habitual traffic violator and, thus, his conviction must be reversed. We agree with Stewart.

■ A conviction for operating a vehicle after suspended as an habitual traffic violator requires proof of three elements: (1) that the

violator operated a motor vehicle, (2) while his driving privileges were suspended, and (3) while he knew or should have known that his privileges were suspended because the BMV had classified him an habitual traffic violator. *Brown v. State,* 677 N.E.2d 517, 518 (Ind.1997). In order to effect a valid suspension based upon the defendant's habitual offender status, Indiana Code Section 9–30–10–5 provides:

> (a) . . . the bureau shall mail a notice to the person's last known address that informs the person that the person's driving privileges will be suspended in thirty (30) days. . . .

\* \* \* \* \*

> (c) The notice must inform the person that the person may be entitled to relief under section 6 of this chapter or may seek judicial review of the person's suspension under this chapter.

These requirements have been described as "statutorily imposed due process requirements" prior to suspending a defendant's license. *Hunter v. State,* 516 N.E.2d 73, 74–75 n. 3 (Ind.Ct.App.1987), *trans. denied.* Indeed, proof of mailing the notice and proof of the content of the notice mailed are "evidentiary prerequisite[s]" to establishing that the suspension is valid. *Bishop v. State,* 638 N.E.2d 1278, 1280 (Ind.Ct.App.1994). If these evidentiary prerequisites do not appear in the record the State cannot establish the second element of the offense, a valid suspension, and a conviction for operating a vehicle while suspended as an habitual traffic violator cannot be sustained. *Id.; accord Fields v. State,* 679 N.E.2d 898, 901 n. 6 (Ind.1997).

■ Here, the State introduced into evidence an habitual traffic violator packet for Stewart. Record at 39 (State's Exhibit 1). Among other driving record information, the packet contained a computer printout which indicated that the BMV mailed a letter to Stewart on August 23, 1993, informing him that his license had been suspended for ten years due to his status as an habitual traffic violator. It is unclear whether this letter

---

1998. We express our regrets for this inordinate delay.

**2.** The trial court ordered Stewart to serve only 10 days in jail, with the balance of his suspended sentence to be served on home detention. Record at 51–52.

advised him of his right to judicial review as required by Indiana Code Section 9–30–10–5(c). The packet included a copy of another letter notifying Stewart of his suspension dated November 30, 1995, which specifically stated that he had the right to judicial review. However, the packet contained no document or entry which specified that this letter was actually mailed.

In *Brown v. State*, 677 N.E.2d 517 (Ind. 1997), our supreme court reversed the defendant's conviction for operating a vehicle while suspended as an habitual traffic violator under similar circumstances. In that case, neither the driving record introduced into evidence by the State, nor the copy of the notice of suspension confirmed that the notice had actually been mailed. *Id.* at 519. As noted by the court, a copy of the notice of suspension is insufficient evidence from which the trier of fact could infer that the notice was mailed. *Id.* (citing *Chambers v. State*, 547 N.E.2d 301, 302 (Ind.Ct.App.1989)). No entry appeared on the defendant's driving record indicating that the BMV mailed the notice and, further, the State presented no document or testimony which tended to prove that the BMV mailed the notice. *Id.* Our supreme court reversed the defendant's conviction concluding that, absent evidence that the BMV mailed the notice, the defendant was entitled to a directed verdict based on the insufficiency of the evidence. *Id.*

Similarly, here, Stewart's driving record does not contain an entry showing that the BMV mailed the November 30, 1995, notice letter which properly advised him of his right to judicial review. Moreover, the State presented no document or testimony to confirm that the notice had been mailed. Although the evidentiary prerequisite of the proof of the content of the notice was met by the State, the evidentiary prerequisite of proof of mailing does not appear in the record. Consequently, the State has failed to establish

the element of a valid suspension and Stewart's conviction cannot stand.[3]

We note that in *Fennell v. State*, 698 N.E.2d 823 (Ind.Ct.App.1998) and *Johnson v. State*, 698 N.E.2d 821 (Ind.Ct.App.1998), another panel of this court determined that the phrase "evidentiary prerequisite," often used to describe proof of mailing, should be taken to mean that such proof of mailing is merely a foundational requirement for evidence offered by the State to prove that a defendant's license had been suspended. *Fennell*, 698 N.E.2d at 825; *Johnson*, 698 N.E.2d at 823. As such, the panel concluded that a defendant must make a specific and timely objection on foundational grounds when the State introduces the suspension evidence if the defendant believes that the evidence contains insufficient proof of mailing. *Fennell*, 698 N.E.2d at 825; *Johnson*, 698 N.E.2d at 823. The panel reasoned that the failure to make a specific and timely objection results in waiver of the issue on appeal. *See Fennell*, 698 N.E.2d at 825.

■ Because we are constrained to follow the precedent set by our supreme court, we must disagree with our colleagues' conclusion that proof of mailing is a foundational requirement that is waived absent specific objection at the time the suspension evidence is offered by the State. In *Brown*, the defendant did not make a specific objection on foundational grounds at the time the State offered the defendant's driving record into evidence. Nevertheless, due to the lack of evidence in the record regarding proof of mailing, the *Brown* court concluded that the State failed to establish the element of a valid suspension and, thus, the evidence was insufficient to support the conviction. *Brown*, 677 N.E.2d at 519; *see also Fields*, 679 N.E.2d at 901 ("Proof of mailing of notice is . . . necessary to sustain a conviction, because it is necessary to prove that the sus-

---

**3.** We note that, as did the defendant in *Brown*, Stewart moved for a directed verdict for insufficient evidence at the conclusion of the State's case. However, Stewart's counsel argued that there was no evidence to show what Stewart's last known address was and, thus, that the State failed to prove that the November 30, 1995, notice was mailed to the correct address. We find his motion for directed verdict and specific argument of no moment. Absent the evidentiary prerequisite of proof of mailing, the State has failed to prove the essential element of a valid suspension and, thus, the evidence is insufficient to sustain a conviction for operating a vehicle while suspended as an habitual offender. *See Brown*, 677 N.E.2d at 519; *Bishop*, 638 N.E.2d at 1280.

pension is valid, the second element the State must show.") Thus, our supreme court's opinion in *Brown* rejects the notion that proof of mailing is merely a foundational requirement which can be waived by a defendant regardless of the sufficiency of the evidence presented by the State.

We conclude that Stewart did not waive the issue by failing to make a specific and timely objection on foundational grounds. The State failed to present sufficient evidence to show that the proper notice was mailed to Stewart. Consequently, the State has failed to establish the element of a valid suspension. Stewart's conviction for operating a vehicle while suspended as an habitual traffic violator is reversed.

Reversed.

ROBB, J., and BAKER, J., concur.