Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**STEVEN KNECHT**
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

FILED

Dec 20 2012, 9:17 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSEPH B. O'BRIEN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 08A02-1204-CR-330 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CARROLL SUPERIOR COURT
The Honorable Kurtis G. Fouts, Judge
Cause No. 08D01-1105-FD-38

**December 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Following a jury trial, Joseph B. O'Brien appeals his conviction of Operating a Vehicle as an Habitual Traffic Violator, a Class D felony,[1] contending the evidence was insufficient to support his conviction. We affirm.

On April 27, 2011, Delphi Police Officer Justin Wilson received information from another police agency that O'Brien was operating an orange Dodge Neon after his operator's license had been suspended. Officer Wilson knew that O'Brien's girlfriend owned an orange Neon. Officer Wilson then observed an orange Neon being operated by a single occupant wearing a green sweatshirt and followed the vehicle into the parking lot of a CVS pharmacy. There, Officer Wilson watched Defendant park and exit the vehicle. Defendant, wearing a green sweatshirt, was walking toward the store when Officer Wilson stopped him and asked him his name and if he knew his license had been suspended. Defendant responded that his license had been suspended for five years.

Our standard of review regarding a claim of insufficient evidence to support a conviction is well established: We neither reweigh the evidence nor assess the credibility of the witnesses. *Jones v. State,* 783 N.E.2d 1132, 1139 (Ind. 2003). We may look only to the evidence most favorable to the judgment and reasonable inferences therefrom and will affirm if we conclude that evidence of probative value exists such that a reasonable fact finder could find the elements of the underlying crime proven beyond a reasonable doubt. *Id.* To convict a person of operating a motor vehicle while privileges are suspended as a Class D felony, the State must prove three elements: (1) that the violator operated a motor vehicle; (2) while his driving privileges were suspended; and (3) while

---

[1] *See* Ind. Code § 9-30-10-16(a)(1).

2

he knew or should have known that his privileges were suspended. *Brown v. State,* 677 N.E.2d 517, 518 (Ind. 1997).

Here, O'Brien does not argue that the State did not present sufficient evidence that his driving privileges had been suspended or that he did not know of the suspension. Rather, he argues that the State did not prove that he was driving a vehicle. Officer Wilson testified that he knew that O'Brien's girlfriend owned an orange Neon, that he received information that Wilson was driving an orange Neon while his driving privileges were suspended, that he spotted the orange Neon being driven by a person who was wearing a green sweatshirt and who was the only occupant in the vehicle, that he followed the vehicle to the CVS parking lot, and that O'Brien exited the vehicle wearing a green sweatshirt. Given our standard of review, such evidence is clearly sufficient to support the conviction. The fact that O'Brien's testimony was different is of no moment. Weighing the credibility of witnesses and drawing inferences and conclusions therefrom is within the exclusive province of the jury. *See Taylor v. State*, 681 N.E.2d 1105, 1111 (Ind. 1997).

Affirmed.

MATHIAS, J., and CRONE, J., concur.

3