# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**JOEL M. SCHUMM**
Appellate Clinic Director

**AMY L. BEARD**
Certified Legal Intern
Indiana University Robert H.
McKinney School of Law
Indianapolis, Indiana

**RUTH JOHNSON**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana



FILED
Dec 31 2012, 11:27 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ISRAEL CRUZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1204-CR-301 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Annie Christ-Garcia, Judge
Cause No. 49F24-1107-FD-48198

**December 31, 2012**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Israel Cruz has never held an Indiana driver's license, and he has multiple convictions of operating a vehicle having never received a license. In 2011, the BMV determined that Cruz was a habitual traffic violator ("HTV") and sent notice of an HTV suspension to 3518 Steer Street in Indianapolis. Cruz was subsequently pulled over for speeding while the HTV suspension was in effect. Cruz was charged with operating a vehicle while suspended as an HTV. At Cruz's bench trial, a Bureau of Motor Vehicles ("BMV") employee testified that when a person who has never been licensed commits a traffic offense, the BMV obtains the person's address from court records. However, the 3518 Steer Street address does not appear in any of the court records that were submitted into evidence; on the contrary, the court records contained three different addresses for Cruz. The BMV employee was not able to testify as to how the BMV determined that Cruz's address was 3518 Steer Street. Cruz testified that he does not live at 3518 Steer Street and did not know that he was suspended. At the conclusion of the trial, the court found Cruz guilty and entered judgment as a class A misdemeanor.

On appeal, Cruz raises several issues, but we find one of them dispositive: whether there was sufficient evidence that Cruz knew that he was suspended. Given the complete lack of evidence regarding how the BMV determined that notice should be mailed to 3518 Steer Street, we must conclude that the State failed to establish the statutory presumption that a person has knowledge of a suspension if notice is sent to the person's "last address shown."

2

*See* Ind. Code § 9-30-10-16. Nor has the State argued that the record contains direct evidence that Cruz knew he was suspended. Therefore, we reverse Cruz's conviction.

**Facts and Procedural History**

On July 7, 2011, Indiana State Police Trooper Seth Tomey was stationed along Interstate 65 in Indianapolis, watching for speeders. Trooper Tomey clocked a vehicle driven by Cruz at seventy-one miles per hour; the speed limit in that area was fifty-five miles per hour. Trooper Tomey relayed that information to Trooper Mike McCreary, who initiated a traffic stop. Cruz presented what Trooper McCreary thought was a Mexican identification card or possibly a Mexican driver's license. Trooper McCreary conducted a records check and learned that Cruz was an HTV.

The State charged Cruz with operating a motor vehicle while suspended as an HTV, a class D felony. Cruz waived his right to a jury trial, and a bench trial was held on March 21, 2012. The State presented testimony of Troopers Tomey and McCreary, and during their testimony, Cruz stipulated that he was the person driving.

The State also presented testimony from Nathan Moore, who is the program director for the BMV's Policy and Programs Division. Moore identified State's Exhibit 1 as "an HTV packet," which is "a compilation of the official driver record along with the violations that we used to determine [that] the driver [is a] habitual traffic violator." Tr. at 22-23. The HTV packet reflects that the BMV sent notice of the HTV determination to 3518 Steer Street in Indianapolis on February 23, 2011. Moore explained how the BMV determines a person's address:

3

Typically when a person applies for a license or an ID card, they have to provide proof of residency to us in the form of utility bills or leases, those types of things. In [Cruz's] case he was never licensed so in those cases, the Bureau is required to establish a record for folks who don't already have a driver record and so we would have gotten the address from the first conviction that we established the record with, as provided by the Court.

*Id*. at 24.

The HTV packet includes three documents titled "Indiana Abstract of Court Record." State's Ex. 1 at 15-17. These documents list the following addresses for Cruz: 352 Steer Street, 33 South Harris Street, and 252 Steer Street, all in Indianapolis. Cruz's driver record dates back to 2004, when he received a speeding ticket. Moore "surmise[d]" that the 3518 Steer Street address came from whatever records were generated in connection with the speeding ticket. Tr. at 34. 3518 Steer Street is the only address listed in the driver record itself, and all BMV notices since 2004 have been sent to that address. Moore testified that if an HTV notice was returned undeliverable, the HTV packet would not reflect that.

Cruz testified in his own defense. He admitted that he has never had an Indiana driver's license and has never gone to the BMV to apply for one. He also acknowledged that he had convictions of driving having never received a license in 2009, 2010, and 2011.[1] He admitted that he knew he was not supposed to drive because he was not licensed; however, he denied having any knowledge of the HTV suspension.[2] He testified that he lives at a

---

[1] Cruz claimed that he had not been informed in any of these cases that his driving privileges were suspended; however, this appears to be immaterial, as his driver record reflects that none of those suspensions was in effect at the time of the current offense.

[2] Cruz testified that he has driven "[w]ith the Mexican license." Tr. at 39. We note that, pursuant to certain treaties, the United States extends limited reciprocity to licenses issued by several other countries. The BMV's website states:

4

different address on Steer Street than the one used by the BMV.

At the conclusion of the bench trial, the court found that "the State met [its] burden beyond a reasonable doubt and that the defendant did not rebut the presumption that Mr. Cruz knew his license was suspended or restricted." *Id*. at 48. The court exercised its authority to enter judgment as a class A misdemeanor and sentenced Cruz to 365 days, all suspended to probation except for time served. Cruz now appeals.

**Discussion and Decision**

Cruz challenges his conviction and sentence on several grounds, but we find the following issue to be dispositive: whether there was sufficient evidence that Cruz knew that he was suspended. We conclude that there is not.

Our standard of review for a sufficiency of the evidence claim is well settled:

> When reviewing the sufficiency of evidence supporting a conviction, we will not reweigh the evidence or judge the credibility of witnesses. We must look to the evidence most favorable to the conviction together with all reasonable inferences to be drawn from that evidence. We will affirm a conviction if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.

---

> The United States signed an agreement with many other countries to honor a foreign driver license for visitors to the United States for at least one year from the date of arrival. This privilege is made possible as a result of the United Nations Convention on Road Traffic (Geneva, 1949), and the Convention on the Regulation of American Automotive Traffic (Washington, 1943), both of which have been ratified by the United States.

myBMV, *Obtaining a Driver's License*, http://www.in.gov/bmv/2363.htm (last visited Nov. 30, 2012). Cruz does not argue that he was actually permitted to drive with his Mexican license pursuant to these treaties, nor does he argue that he was mistaken as to that fact.

*Stewart v. State*, 866 N.E.2d 858, 862 (Ind. Ct. App. 2007) (citations omitted). The State has the burden of proving all elements of the charged crime beyond a reasonable doubt. *Moon v. State*, 823 N.E.2d 710, 715 (Ind. Ct. App. 2005), *trans. denied*.

Cruz was accused of violating Indiana Code Section 9-30-10-16(a), which provides:

A person who operates a motor vehicle:

> (1) while the person's driving privileges are validly suspended under this chapter or IC 9-12-2 (repealed July 1, 1991) and the person knows that the person's driving privileges are suspended; or
>
> (2) in violation of restrictions imposed under this chapter or IC 9-12-2 (repealed July 1, 1991) and who knows of the existence of the restrictions;

commits a Class D felony.

Indiana Code Section 9-30-10-16(b) creates the following presumption concerning the driver's knowledge:

Service by the bureau of notice of the suspension or restriction of a person's driving privileges under subsection (a)(1) or (a)(2):

> (1) in compliance with section 5 of this chapter; and
>
> (2) by first class mail to the person at the last address shown for the person in the bureau's records;

establishes a rebuttable presumption that the person knows that the person's driving privileges are suspended or restricted.

The State may attempt to prove knowledge by relying on the presumption or by offering direct proof of the driver's knowledge. *State v. Jackson*, 889 N.E.2d 819, 822 (Ind. 2008).

Cruz asserts that this case raises an issue of first impression: the meaning of "last address shown" in Indiana Code Section 9-30-10-16(b) when the driver has never held a

license. Ordinarily, we permit the BMV to rely on the address that a holder of a driver's license self-reports to the BMV. *See Brown v. State*, 677 N.E.2d 517, 519 (Ind. 1997) ("The Bureau may rely on the address which was last provided by the driver."); Ind. Code § 9-24-13-4 (requiring the holder of an Indiana license to report changes of address to the BMV). Because Cruz has never even applied for a license, he has never reported an address to the BMV.

According to Moore's testimony, the BMV's practice in such cases is to obtain the person's address from court records. The State argues:

> This policy is intuitive because court records are *per se* reliable as a replacement for BMV records—especially considering that the reason the BMV did not itself have an address for Cruz was because Cruz has flouted this State's driving laws. Nor is it likely that the court records include some fabricated address—it [is] reasonable, and likely, to conclude that the address was provided by Cruz.

Appellee's Br. at 8. We agree with the State that the BMV's practice of using court records is generally acceptable; however, in Cruz's case, the State failed to show that the BMV actually used court records to determine his address. All of the court records submitted into evidence show *different* addresses than the one used by the BMV. There is nothing in the record that links Cruz to the 3518 Steer Street address. Moore testified that the BMV probably obtained the 3518 Steer Street address from documentation generated from his first traffic violation in 2004; however, it is clear that Moore was simply guessing. Moreover, the other addresses contained in the HTV packet are all more recent than 2004. In sum, the State provided no evidence of how the BMV determined that Cruz's address is 3518 Steer Street.

7

Given the total lack of evidence on this point, we cannot say that the State proved beyond a reasonable doubt that the notice was mailed to Cruz's "last address shown."

The State argues that Cruz's testimony was self-serving and was not credited by the court. The State points out that Cruz did not submit any documentary evidence to support his testimony that he does not live at 3518 Steer Street and that he did not claim that he had *never* lived at 3518 Steer Street. These arguments relate to whether Cruz rebutted the statutory presumption; however, the State did not establish the presumption in the first place because the record is devoid of evidence that 3518 Steer Street is Cruz's "last address shown."

We note that there is ample evidence that Cruz knew that he had never received a license and that he was not supposed to drive because he was unlicensed. However, driving without having received a license and driving while suspended are separate offenses with potentially different consequences. *Compare* Ind. Code § 9-24-18-1 (driving without having received a license is a class C or class A misdemeanor, and the offender is prohibited from obtaining a license for ninety days to two years) *with* Ind. Code ch. 9-24-19 (driving while suspended ranges from a class A infraction to a class D felony) *and* Ind. Code § 9-30-10-16 (driving while suspended as an HTV is a class D felony and the offender forfeits driving privileges for life). The State does not argue that it proved that Cruz had actual knowledge that his driving privileges were suspended or that knowledge that he was unlicensed was sufficient to prove a violation of Indiana Code Section 9-30-10-16. The State chose not to

charge Cruz with driving without having received a license although the evidence would have been sufficient to support a conviction of that offense.

In conclusion, though Cruz's conduct is clearly blameworthy, the evidence presented by the State was not sufficient to prove beyond a reasonable doubt that he knew that he was suspended. We therefore reverse Cruz's conviction.

Reversed.

RILEY, J., and BAILEY, J., concur.