**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 31 2013, 6:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DANIEL R. CLEMANS,                      )
                                        )
    Appellant-Defendant,            )
                                        )
        vs.                    )    No. 29A02-1302-CR-289
                                        )
STATE OF INDIANA,                       )
                                        )
    Appellee-Plaintiff.             )

### APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable J. Richard Campbell, Judge
Cause No. 29D04-1104-FD-6166

**July 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Following a bench trial, Daniel R. Clemans was found guilty of operating a motor vehicle while driving privileges are suspended due to being a habitual traffic violator ("HTV"), a class D felony. Clemans now appeals, claiming that there was insufficient evidence to convict him. We affirm.

**Facts and Procedural History**

The facts most favorable to the trial court's judgment are as follows. The Noblesville Police Department received information that Clemans may have been driving a vehicle with a suspended driver's license. A Noblesville police officer went to Clemans's workplace, located his vehicle in the parking lot, identified Clemans getting into the vehicle and observed Clemans driving. The officer initiated a traffic stop because Clemans's driving record indicated that his license was suspended due to HTV status and because the vehicle may have been falsely registered. Upon request, Clemans failed to produce a driver's license but instead handed the officer an Indiana state identification card. When asked whether he knew that his license was suspended, Clemans's reply was, "[Y]eah, I knew that." Tr. at 12.[1]

Clemans was arrested and charged with operating a motor vehicle as an HTV.

At trial, Clemans testified that when he stated he "knew" that his license was suspended, he meant that he was aware that his license had been suspended in the past. Due

---

[1] The State asserts that Clemans "admitted that he had been notified of his HTV status and license suspencsion [sic] by the BMV through documents he had received from the Bureau." Appellee's Br. at 3 (citing Tr. at 12-13). In actuality, the arresting officer testified that inside Clemans's vehicle, he saw a briefcase in which he believed a copy of Clemans's driving record was present. *See* Tr. at 13 ("[I]t was, I believe, a copy of his driving record. And on that driving record it said HTV.").

2

to previous incarceration and address changes, the trial court determined that the BMV did not provide notice to Clemans of his HTV status at the correct address. Because Clemans stated that he "knew" his license was suspended and because he obtained a state identification card rather than a license, however, the trial court found Clemans guilty as charged. Tr. at 48.

Clemans now appeals. We will state additional facts in our discussion where necessary.

**Discussion and Decision**

Clemans challenges the sufficiency of the evidence to sustain his conviction. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the judgment. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence. *Id*. We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State,* 726 N.E.2d 268, 270 (Ind. 2000)). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the judgment. *Id.*

The State had to prove that Clemans operated a motor vehicle while his driving privileges were suspended as an HTV under Indiana Code Section 9-30-10, and that Clemans knew his driving privileges were suspended. Ind. Code § 9-30-10-16. There are two ways for the State to prove that a defendant knows his driving privileges are suspended. *Cruz v.*

3

*State*, 980 N.E.2d 915, 919 (Ind. Ct. App. 2012). The first is service from the BMV by mail. Ind. Code § 9-30-10-16(b). The second is by proof of the driver's knowledge. *See State v. Jackson*, 889 N.E.2d 819, 820 (Ind. 2008) ("to convict for the offense of Operating a Vehicle After Being Adjudged a Habitual Traffic Violator, the State must prove that the suspended driver operated a vehicle while knowing that his license was suspended"). The trial court found that the BMV did not send the HTV notice to the correct address. Tr. at 48. Thus, the sole issue on appeal is whether the State presented sufficient evidence that Clemans knew that his driving privileges were suspended.

Clemans's admission is sufficient to prove that he knew his license was suspended and it is sufficient to sustain his conviction.[2] Clemans asks us to reassess his credibility and reweigh the evidence, which we may not do. The trial court was free to determine how to interpret Clemans's admission that he "knew" his license was suspended. *See Barton v. State*, 490 N.E.2d 317, 318 (Ind. 1986) (stating that the trier of fact is "entitled to determine which version of the incident it would credit.").

Affirmed.

ROBB, C.J., and FRIEDLANDER, J., concur.

---

[2] Clemans argues that the trial court erred in basing its finding of guilt in part on the fact that he obtained an Indiana state identification card instead of a driver's license. We do not address this argument because Clemans's admission to the police officer that he "knew" of his suspension is dispositive.