**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STATE OF INDIANA, INDIANA BUREAU OF MOTOR VEHICLES, and KENT SCHRODER as COMMISSIONER OF MOTOR VEHICLES, | ) ) ) ) ) | |
| Appellant-Respondent, | ) ) | |
| vs. | ) ) | No. 09A02-1311-MI-885 |
| MATTHEW E. PATTY, | ) ) | |
| Appellee-Petitioner. | ) ) | |

APPEAL FROM THE CASS SUPERIOR COURT
The Honorable Julian L. Ridlen, Senior Judge
Cause No. 09D01-1306-MI-37

**April 22, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

The State of Indiana, Indiana Bureau of Motor Vehicles, and Kent Schroder as Commissioner of Motor Vehicles (collectively, "the BMV") appeal a trial court order granting Matthew E. Patty's petition for issuance of a probationary driver's license. Finding that the BMV complied with the statutory dictates concerning notice of Patty's suspension and status as a habitual traffic violator ("HTV") and that Patty is not eligible for a probationary license, we reverse.

**Facts and Procedural History**

In February 2002, July 2002, and June 2005, Patty was convicted of operating while intoxicated ("OWI") in Cass County. On July 19, 2005, the BMV determined that Patty was an HTV[1] and sent a notice of his status to his last known address in Brownsburg. The notice also informed him that his driving privileges would be suspended effective August 23, 2005. In February 2006, while under license suspension, Patty was arrested in Hendricks County for OWI and was subsequently convicted.

In June 2013, Patty filed a petition in Cass Superior Court requesting the issuance of a probationary license, claiming hardship due to work concerns and lack of notice of his HTV status and suspension. The trial court held a hearing and granted his petition. The BMV contacted the Cass County prosecutor's office, which filed a motion to correct the court's

---

[1] Indiana Code Section 9-30-10-4(b)(1) states that a person who has accumulated three OWI judgments within a ten-year period, not arising out of the same incident, is an HTV.

order pursuant to Indiana Code Section 9-30-10-9(f). The trial court denied the motion following a hearing. The BMV appeals. Additional facts will be provided as necessary.

**Discussion and Decision**

The BMV challenges the trial court's order granting Patty's petition for issuance of a probationary driver's license. Because this appeal involves statutory interpretation, we review using a de novo standard, giving no deference to the trial court's conclusions. *Manigault v. State*, 881 N.E.2d 679, 687 (Ind. Ct. App. 2008). We note that Patty has not submitted an appellee's brief. When an appellee does not submit a brief, the appellant may prevail by establishing prima facie error, which means error "at first sight, on first appearance, or on the face of it." *State v. Augustine*, 851 N.E.2d 1022, 1025 (Ind. Ct. App. 2006). The prima facie error rule relieves us of the burden of controverting arguments advanced for reversal, a duty that properly remains with appellee's counsel. *Id.*

Indiana Code Section 9-30-10-9 governs the circumstances under which a trial court may grant a probationary license to an HTV, stating in pertinent part,

> (c) If a court finds that a person:
>
> > (1) is a habitual violator under section 4(b) of this chapter;
> >
> > (2) has not been previously placed on probation under this section by a court;
> >
> > (3) does not have a judgment for any violation listed in section 4(a) of this chapter;
> >
> > (4) has had the person's driving privileges suspended under this chapter for at least five (5) consecutive years; and

3

(5) has not violated the terms of the person's suspension by operating a vehicle;

the court may place the person on probation in accordance with subsection (d). However, if the person has any judgments for operation of a vehicle [while intoxicated or with alcohol concentration equivalent to the legally intoxicated level], the court, before the court places a person on probation under subsection (d), must find that the person has successfully fulfilled the requirements of a rehabilitation program certified by the division of mental health and addiction or the Indiana judicial center.

….

(e) If a court finds that a person:

>(1) is a habitual violator under section 4(b) or 4(c) of this chapter;
>
>(2) does not have any judgments for violations under section 4(a) of this chapter;
>
>(3) does not have any judgments or convictions for violations under section 4(b) of this chapter, except for judgments or convictions under section 4(b)(5) of this chapter that resulted from driving on a suspended license that was suspended for:
>
>>(A) the commission of infractions only; or
>>
>>(B) previously driving on a suspended license;
>
>(4) has not been previously placed on probation under this section by a court; and
>
>(5) has had the person's driving privileges suspended under this chapter for at least three (3) consecutive years and has not violated the terms of the person's suspension by operating a vehicle for at least three (3) consecutive years;

the court may place the person on probation under the conditions described in subsection (d)(1) through (d)(5).[2]

At the hearing on Patty's petition for probationary license, he claimed that the BMV sent his HTV notice to the wrong address and that therefore he had no knowledge that his license was suspended when he committed his February 2006 OWI offense. Indiana Code Section 9-30-10-16 creates a rebuttable presumption regarding the driver's knowledge, stating that service by the BMV of the suspension or restriction of a person's driving privileges in compliance with the statute and "by first class mail to the person at the last address shown for the person in the bureau's records … establishes a rebuttable presumption that the person knows that [his] driving privileges are suspended or restricted." The BMV relies on the personal information as supplied by the holder of a driver's license. *Cruz v. State*, 980 N.E.2d 915, 919 (Ind. Ct. App. 2012). As such, Indiana Code Section 9-24-13-4(1) places the onus on the driver to report to the BMV any address change by applying for an amended driver's license within thirty days of the change. This means that the BMV "may rely on the address which was *last provided* by the driver." *Cruz*, 980 N.E.2d at 919 (quoting *Brown v. State*, 677 N.E.2d 517, 519 (Ind. 1997) (emphasis added)). Our supreme court has held that the BMV's act of mailing a suspension or HTV notice to the driver's last known address is sufficient to establish constructive knowledge of suspension or HTV adjudication. *Stewart v. State*, 721 N.E.2d 876, 880 (Ind. 1999).

---

[2] Subsections (d)(1) through (d)(5) outline required procedures for the trial court when placing an HTV on probation, namely, recording its findings in writing, ordering the BMV to issue a probationary license, attaching restrictions to the HTV's driving privileges, requiring the HTV to submit to monitoring, and ordering the HTV to provide proof of financial responsibility.

Here, the BMV introduced a certified copy of Patty's driving record as evidence not only of his numerous OWIs and suspensions, but also of the addresses that he had reported to the BMV. In 1997 and 2002, Patty reported an address in Royal Center, Indiana, which he identified as his parents' address ("Royal Center address"). In 2004, he reported his address as the Prairie West Terrace Apartments in Brownsburg ("Brownsburg address"). Thereafter, he did not report any address change until October 21, 2010, when he reported his address as the Royal Center address. Curiously, five days later, he changed his address back to the Brownsburg address, and it remained his address of record through the date of the hearing on his petition. From 2004 to 2010, Patty's address of record was the Brownsburg address. Thus, on July 19, 2005, the BMV followed the clear dictate of Indiana Code Section 9-30-10-16 when it sent Patty a notice of his HTV status and suspension of driving privileges to the Brownsburg address, which was his last known address.

Patty asserted that he did not know about his suspension because he was actually living at the Royal Center address in July 2005. Even assuming that he is correct, he failed to follow the clear dictate of Indiana Code Section 9-24-13-4(1) requiring him to report his address change to the BMV by applying for an amended license within thirty days of any address change. In other words, his own failure to report his purported address change precipitated any lack of actual notice. The BMV placed him on constructive notice of his HTV status and license suspension, and his testimony was insufficient to rebut the

6

presumption concerning knowledge of his status. As such, he "violated the terms of his suspension by operating a vehicle" in February 2006. Ind. Code § 9-30-10-9(c)(5).[3]

Having concluded that the BMV complied with the statutory dictates in notifying Patty of his HTV status and suspension, we also conclude that he is ineligible for probationary licensure under Indiana Code Section 9-30-10-9(e)(3), which states that for the person to be eligible, the court must find that the person "does not have any judgments or convictions for violations under section 4(b) of this chapter, except for judgments or convictions under section 4(b)(5)." Section 4(b)(1) lists, "Operation of a vehicle while intoxicated." This is precisely the offense of which Patty was convicted following his HTV designation and suspension. Simply put, in February 2006, if Patty had merely been operating a vehicle while suspended, he would now be eligible for probationary licensure. However, he was operating while suspended *and while intoxicated*. Thus, he was not and is not eligible for probationary licensure.[4]

---

[3] There remains some question concerning whether Patty completed a certified rehabilitation program as required under subsection (c). His trial counsel and the trial court referenced his completion of two such programs, but we find no testimony or documentary evidence in the record to support this conclusion.

[4] Finally, we note that the trial court's order does not contain written findings, as required by Indiana Code Section 9-30-10-9(d). The findings would have been helpful in facilitating our review. Without them, we have been left to piece together from statements in the record the trial court's basis for granting Patty a probationary license (hardship due to new employment).

Based on the foregoing, we conclude that the BMV has established prima facie error in the trial court's decision to grant Patty a probationary driver's license. Accordingly, we reverse.

Reversed.

BAKER, J., and BARNES, J., concur.